E. S. PARKER and wife JACKY ANN PARKER v. L. V. MORRILL, Adm'r b. b. n. of L. P. BEARDSLEY.

*Evidence—Correction of Contract.*

1. If a written contract contains all the essential elements, and its terms are sufficiently comprehensive to embrace the subject matter, parol evidence will not be admitted to contradict, extend or modify it.

2. If, by mutual mistake, accident, or fraud of a party, the contract does not express truly the agreement of the parties, the Courts will give relief.

(*Lawrence* v. *Hester*, 93 N. C., 79; *Ray* v. *Blackwell*, 94 N, C., 10, and *Nickelson* v. *Reves*, Ibid., 559, cited and approved).

This is a CIVIL ACTION and was tried before *Merrimon, Judge*, at Spring Term, 1887, of PITT Superior Court.

The action was instituted against E. C. Yellowly, the executor of L. B. Beardsley, the father and guardian of the *feme* plaintiff, for a balance alleged to be due upon settlement and for an account.

The plaintiff alleged that the guardian had, or ought to have had, in his hands about $2,500 belonging to his ward, but that he represented that he had only about $1,500; that upon the guardian's agreement to invest the funds admitted by him, in certain lands for the *feme* plaintiff, and that he would by his last will settle certain other property upon her, they agreed to release and discharge him; that he had not invested the entire fund as he agreed, and had died not having made the provision in his will as stipulated.

The answer controverted these allegations, and set up a settlement and release—the portions of which, material in the decision of the point presented, were as follows:

Whereas, in an accounting had between plaintiffs and Beardsley, guardian, it appears that there is now in the hands of Beardsley $1,494.15, which amount covers the entire indebtedness of Beardsley, as guardian, including interest to 1st of January, 1878; and whereas, said Parker and wife desire to settle such guardianship, to discharge Beardsley and the sureties upon his guardian bond, and to have the said amount, subject to certain deductions to be hereinafter mentioned, invested by said Beardsley in Pitt county lands, with title in Beardsley as trustee, upon the trusts hereinafter declared:          *          *          *          *

Second, That the balance of said fund after paying said debt and expenses, (about $100), the said Beardsley shall invest in lands in Pitt county, taking title in the name of himself and his heirs, in trust to hold the same to the separate use of the said J. A. Parker, (the *feme* plaintiff) during her life, and immediately after her death, in trust convey to such person as she may appoint by last will and testament, duly executed according to law, and in default of any such appointment by last will and testament, in trust to convey to the heirs-at-law of said J. A. Parker.

There was no reference in the contract to the alleged provision to be made by the will.

Plaintiffs then offered to show, that as an inducement to them to enter into said agreement, the testator of defendant agreed with the plaintiffs, that he would by his last will and testament give and devise to the said *feme* plaintiff, all of his interest, as it then existed, in certain mortgages known as the Anderson mortgages, and that only upon this promise and agreement did plaintiffs agree to sign the written agreement which had been prepared by counsel at the instance of Beardsley, the defendant's testator; and that plaintiffs would not have signed the same but for such a promise; and to follow up this proof, by showing the value of the property agreed to be settled upon *feme* plaintiff by will; and proof that Beardsley by his last will left the *feme* plaintiff only a set of furniture worth about $25.

The defendant objected to this evidence on the ground that it tended to contradict the written agreement. The Court sustained the objection and the plaintiffs excepted, and appealed from the judgment rendered.

*Mr. A. W. Haywood,* for the plaintiff.
No counsel for the defendant.

MERRIMON, J.   The agreement in writing under seal, executed by the plaintiffs and the testator of the defendant, put in evidence on the trial by the plaintiffs, plainly upon its face, by its terms, scope, and meaning, purports to set forth fully the grounds and considerations that prompted its execution. It is broad and comprehensive as to the matters embraced by it, and there is nothing in its terms or purpose that implies omission in any respect, and particularly the consideration is mentioned in like comprehensive terms.

When the parties to a contract in writing thus refer in it to matters constituent of it, it must be taken that the whole of the material parts of such matters are mentioned, nothing to the contrary appearing; and parol evidence will not

be received to contradict, add to, take from, or modify what the parties have thus put in writing. The reason for this is, that the parties having seriously put their contract in writing, have agreed to make the writing evidence of the same, and they are presumed to have set down how and to what extent they are willing to be bound and concluded as to the material matters and things mentioned therein, unless they provide otherwise in terms or by reasonable implication.

. If by mutual mistake of the parties, accident, or the fraud of a party, the contract omitted something, or a part pertinent, or embraced something that ought to have been ex-excluded, then a Court of Equity might give relief. *Lawrence* v. *Hester*, 93 N. C., 79; *Ray* v. *Blackwell*, 94 N. C., 10; *Nicholson* v. *Reves*, *Ibid.*, 559.

The Court therefore properly excluded the parol evidence, the obvious purpose of which was to prove a consideration of the agreement omitted from and not mentioned or referred to in it. There is no error, and the judgment must be affirmed.

No error.                                             Affirmed.