G. W. Garrison v. Samuel H. Kress and Claude W. Kress.

(Filed September 20, 1907.)

(91 Pac. 1130.)

1. EVIDENCE—Parol Evidence Contradicting Written Contract. A contract in writing, if its terms are free from doubt and ambiguity, must be permitted to speak for itself, and cannot, by the courts, at the instance of one of the parties, be altered or contradicted by parol evidence, unless in case of fraud or mutual mistake of facts.

2. SAME—Merger of Oral Negotiations. The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument.

(Syllabus by the Court.)

*Error from the Probate Court of Oklahoma County; before Wm. P. Harper, Trial Judge.*

Affirmed.

*Grant & McAdams,* for plaintiff in error.

*J. H. Everest* and *C. F. Smith,* for defendants in error.

STATEMENT OF THE CASE.

On or about the 23rd day of July, 1904, Samuel H. Kress and Claude W. Kress leased to G. W. Garrison two upper stories of a certain brick building on lot nine (9), in block thirty-five (35), in the city of Oklahoma City, Oklahoma, to be used in connection with the Illinois Hotel, which the said G. W. Garrison at that time occupied. Prior to the completion of the said building, which was to be used in connection with the said hotel, the said G. W. Garrison sold out his interests in the Illinois Hotel, and assigned his lease on the proposed annex to said hotel to the purchaser, one Mrs. M. J. Wade. The lease provided that the lessee could assign same without the consent of the lessors. The lessee, G. W. Garrison, claims that prior to the signing of said lease and the de-

livery thereof he had entered into a separate and collateral agreement with the lessors, whereby it was agreed, stipulated, and understood that, in case said lessee assigned said lease, and was not in arrears with the rent at the time of assignment, he should be relieved, personally, from all liability under and by virtue of the terms of said lease contract; that this agreement was a condition precedent to the signing of said lease contract, and that the same would not have been signed and accepted by him but for the oral stipulations above referred to. The plaintiff in the court below brought an action against Garrison for the rent in arrears on said contract. The trial court refused to permit the defendant Garrison to testify as to the terms of said oral agreement, or to testify as to whether there was an oral agreement between the parties. The trial court also refused to permit defendant to show that the plaintiffs had assumed control of the premises by attempting to lease them to other parties, to which ruling of the court the defendant excepted. At the conclusion of the testimony, the court directed the jury to find a verdict for the plaintiff, which was done, to which defendant excepted. Motion for new trial was filed, overruled, and exceptions allowed, and the case is brought here for review.

Opinion of the court by

Irwin, J.: The sole and only question raised in this case by the brief and argument of plaintiff in error, and the only ground assigned as error for a reversal of this case, is the action of the court in refusing the evidence as to the oral agreement. We take the proposition to be elementary that all prior and contemporaneous oral argrements as to matters involved in a written contract are merged in the written contract, and that the written contract cannot be changed or varied by such prior and contemporaneous parol agreements. Our statute, in our judgment, conclusively settles this proposition. Section 781, Wilson's Statutes of Oklahoma 1903, is as follows:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument."

The supreme court of this territory, in the case of *Deming Investment Company v. Shawnee Fire Insurance Co.,* 16 Okla. 1, 83 Pac. 918, says:

"A contract in writing, if its terms are free from doubt and ambiguity, must be permitted to speak for itself, and cannot by the courts, at the instance of one of the parties, be altered or contradicted by parol evidence unless in case of fraud or mutual mistake of facts."

The same doctrine is laid down by this court in the case of *Liverpool & London & Globe Insurance Company v. Richardson Lumber Co.,* 11 Okla. 585, 69 Pac. 938.

On the strength of this statute and these cases, the decision of the probate court is affirmed, at the costs of the plaintiff in error.

Pancoast and Garber, JJ., absent; all the other Justices concurring.