## MILLER BROS. v. McCALL CO.

No. 2507.   Opinion Filed June 19, 1913.

(133 Pac. 183.)

1. **EVIDENCE—Parol Evidence—Contracts.** When persons meet and negotiate concerning a contract and discuss its proposed terms and conditions, and finally end the matter by executing a written contract fully covering the subject, it represents the final agreement of the parties, and oral evidence tending to vary, contradict, enlarge, or narrow the terms of the writing is not admissible.

2. **TRIAL—Refusal of Instructions—Evidence.** It is not error to refuse to give to the jury a requested instruction, although it may be applicable to some issue raised by the pleading, when there is no evidence in support of the issue upon which the instruction is based.

(Syllabus by Brewer, C.)

*Error from District Court, Oklahoma County;*
*J. J. Carney, Judge.*

Action by the McCall Company, a corporation, against Miller Bros. Judgment for plaintiff, and defendants bring error. Affirmed.

*Robt. A. Rogers,* for plaintiffs in error.
*Burwell, Crockett & Johnson,* for defendant in error.

Opinion by BREWER, C.    The McCall Company, a cor-
poration, sued Miller Bros., a partnership, in the district court
of Oklahoma county for a balance due for goods sold and de-.
livered, in the sum of $909.10, under a written contract between
the parties, and for damages on account of a breach of the con-
tract by Miller Bros.    The contract is lengthy, and goes into
great detail; under it the defendants ordered and agreed to
handle a line of patterns for various garments worn by women.
Defendants also agreed to take and pay for, periodically, certain
advertising sheets and other matter to be furnished by plaintiff.
It is alleged, and not denied, that plaintiff furnished goods to
defendants under the terms of the contract in the sum of $1,-
009.91, and that defendants had paid thereon $100.83.    The
damages claimed were for loss of profits.    The defendants in
their answer set up first, the defense of fraud in the procure-
ment of the execution of the contract; second, a plea that part
of plaintiff's claim was for penalty and not for liquidated dam-
ages; third, that defendants had made settlement in accordance
with a plan proposed by plaintiff; fourth, that plaintiff is a
trust.    The cause was tried to a jury and a verdict was ren-
dered in favor of the plaintiff for $909.10, which was the
amount of balance due for goods received by defendants, less
payments made.    The jury disallowed the plaintiff's claim for
damages entirely, therefore the defense as to the question of
damages having prevailed, that branch of the case will need
no further attention.

The defendants below appealed the case under 27 separate
assignments of error.    Their brief filed in scarcely a particular
conforms to the rules of the court.    For instance: Assignments
three to twelve, inclusive, deal with the refusal of the court to
admit certain evidence, and yet this evidence is not brought for-
ward in the brief, but its purported substance is merely stated
in a general way with reference made to the case-made; and
the refusal to give a number of requested instructions is casually
mentioned in the brief, but, with one exception, they are not set
out therein *in totidem verbis,* as required by rule 25 (20 Okla.

xiii, 95 Pac. viii) of this court. Yet from a careful examination of plaintiffs in error's brief we think that it may be fairly said that errors urged here have been reduced to two general propositions: (1) The refusal of the court to permit them to prove by oral testimony that they were exclusive agents in handling the McCall patterns. (2) The refusal to give their requested instruction number two.

Before taking up the two allegations of error mentioned above, we consider it proper to say that the defense of fraud in procuring the execution of the contract failed for want of any proof to support it. The agent for plaintiff and both defendants testified as to what took place at the time of, and leading up to, the execution of the contract. We have read the evidence and fully agree with the trial court that there was no evidence produced in any wise tending to show fraud as charged. Also on the defense that the McCall Company was in a trust, or unlawful combination in restraint of trade, the trial court held that:

"There has been no testimony admitted in the trial of this case in support of that allegation of the defendant's answer."

We fully agree with the trial court. This defense failed through a total failure of proof.

1. On the first point sufficiently presented in the brief, *i. e.*, that the court erred in refusing to permit them to prove that contemporaneously with the execution of the written contract a verbal one was made that defendants should have the exclusive sale of plaintiff's goods in Oklahoma City, it is not suggested in what way this evidence would have been of value to them if admitted. They did not claim that any one else did have the sale of the goods, thus depriving defendants of expected profits; in fact it is admitted that such was not the case. The trial court held that the written contract which detailed its terms and conditions fully and with minute particularity could not be changed or varied in its terms by oral proof, and that to admit the proof offered would have that effect. The court was right. When persons meet and negotiate concerning a contract

and discuss its proposed terms and conditions, and finally end the matter by executing a written contract fully covering the subject, it represents the final agreement of the parties, and oral evidence tending to vary, contradict, enlarge, or narrow the terms of the writing is not admissible.

The instrument involved here is admittedly a contract, is free from fraud, accident, or mistake, and covers fully the details of its subject-matter. Under similar circumstances this court in *Southard v. Arkansas Valley & W. Ry. Co.*, 24 Okla. 420, 103 Pac. 755, has ruled:

"For the instrument here involved is admittedly a contract, and under the authorities cited by the plaintiff in error it is not permissible to prove a parol contemporaneous contract to add to, vary, or contradict a written contract, unless under proper allegations as to fraud, accident, or mistake. This rule is supported by practically an unbroken line of authority where the common law controls. *Engelhorn v. Reitlinger et al.*, 122 N. Y. 79 25 N. E. 297, 9 L. R. A. 548; *Wilson v. Deen*, 75 N. Y. 531; *Hubbard v. Marshall*, 50 Wis. 327, 6 N. W. 497; *Undersood v. Simmonds*, 12 Metc. (Mass.) 277; *Fawkner v. Smith Wall Paper Co.*, 88 Iowa, 169, 55 N. W. 200, 45 Am. St. Rep. 230; *Sandage v. Studebaker Bros. Mfg. Co.*, 142 Ind. 157, 41 N. E. 380; 34 L. R. A. 363, 51 Am. St. Rep. 165; *Baum v. Lynn*, 72 Miss. 932, 18 South. 428, 30 L. R. A. 441; *Ferguson v. Rafferty*, 128 Pa. 337, 18 Atl. 484, 6 L. R. A. 33; *Parker v. Morrill*, 98 N. C. 232, 3 S. E. 511; *Eighmie v. Taylor*, 98 N. Y. 288; Wigmore on Evidence, sec. 2433."

The statute (Rev. Laws 1910, sec. 942) fully covers the point in issue. This statute was construed in *Garrison v. Kress*, 19 Okla. 433, 91 Pac. 1130, which cites *L. L. & G. Ins. Co. v. Richardson*, 11 Okla. 585, 69 Pac. 938; *Deming Inv. Co. v. S. F. Ins. Co.*, 16 Okla. 1, 83 Pac. 918, 4 L. R. A. (N. S.) 607.

The instruction requested and refused is as follows:

"The jury are further instructed that if they believe from the evidence that before the filing of this suit of plaintiff, plaintiff offered in writing a mode of settlement to defendants, which defendants accepted within a reasonable time thereafter,

you will find for the defendants, unless you find that they are further indebted to them for any sum for balance due."

The mode of settlement referred to is based on the following postscript to a letter from the McCall Company replying to one from defendants asking to be relieved of the contract:

"You are doubtless aware of the fact that our contract is not subject to cancellation now, but should conditions arise whereby it would be impossible for you to carry it out, we would consent to your transferring it to some other reputable merchant."

The defendants claim to have interpreted this postscript as giving them authority to immediately terminate the contract and return plaintiff all the goods they had on hand in settlement of their indebtedness. Upon just what species of reasoning such an interpretation was arrived at is not easily perceived, and we feel that the mere statement of the contention and the language upon which it is based is all the argument the matter needs. There was no evidence upon which to base the instruction offered and its refusal was proper.

The defendants testified, and their testimony is marked with every evidence of candor and truthfulness, and it, taken with the numerous letters they wrote, merely shows that after making the contract they found that it was an unwise and unprofitable one. That the line of goods they bought and agreed to handle was not adapted to the business they were in. They asked to be relieved of the contract solely upon those grounds. Upon refusal they breached it. They had the sympathy of the trial court and the jury, which refused damages and gave judgment solely for the balance due for goods bought. This much plaintiff was unquestionably entitled to, and the cause should be affirmed.

By the Court: It is so ordered.