## GERMAN STOCK FOOD CO. v. MILLER.

No. 3253.    Opinion Filed November 11, 1913.

(136 Pac. 426.)

1. **EVIDENCE—Parol Evidence—Varying Written Contract.** In the absence of fraud, accident, or mistake, parol evidence is not admissible to change, add to, or vary the terms of a written contract.

2. **SAME—Contemporaneous Agreement.** In an action on a written contract ·for the purchase of goods, wares, and merchandise, a contemporaneous, parol agreement to give the defendant the exclusive agency for the sale of such merchandise in a particular community, and that such agreement was the moving cause inducing the purchase of the goods, cannot be shown by parol evidence.

(Syllabus by Galbraith, C.)

*Error from County Court, Comanche County;*
*Jas. H. Wolverton, Judge.*

Action by the German Stock Food Company against J. E. Miller. Judgment for the defendant, and plaintiff brings error. Reversed and remanded.

*Spriggs & Skipper,* for plaintiff in error.

*Hudson & Whalin,* for defendant in error.

Opinion by GALBRAITH, C. This is an appeal from the judgment of the county court of Comanche county in favor of the defendant in error and against the plaintiff in error.

The action was commenced before a justice of the peace on a written contract in words and figures following:

"Temple, Okla., 8——, 1910.

"German Stock Food Co., Minneapolis, Minn.: Please ship by freight the herein specified amount of goods which I promise to pay for in 180 days from date of invoice without any reduction for exchange, refund of freight, or collecting charges. It is hereby agreed by the undersigned purchaser that this order is not subject to countermand, and that nonacceptance or return of this shipment shall not release said purchaser from payment in full. It is also agreed that this bill becomes due upon insolvency, suit brought by other creditors, or sale of business, and that verbal agreements will not be allowed.

"The original signed order mailed or delivered to said company covers all agreements between the parties hereto.

"A discount of 5% will be allowed if paid within ten days of receipt of goods.

"We give enough free goods figured at retail prices to cover freight charges to destination on all orders weighing 100 lbs. or over. Please state what you want.

| | |
|---|---:|
| ½ Doz. $1.00 size Pkg. German Stock Food at $8.00 | $ 8.00 |
| 2 Doz. 50c size Pkg. German Stock Food at $4.00 | 8.00 |
| 2 Doz. 25c size Pkg. German Stock Food at $2.00 | 4.00 |
| 2 Doz. 50c size Pkg. German Stock Food at $4.00 | 8.00 |
| 2 Doz. 25c size Pkg. German Stock Food at $2.00 | 4.00 |
| 1 Doz. 25c size Pkg. German Stock Food at $2.00 | 2.00 |
| 1 Doz. 25c size Pkg. German Stock Food at $2.00 | 2.00 |
| | $36.00 |

"Free goods in 25 cent stock for freight.

"I hereby expressly agree that no representations or promise, either verbal or written, have been made by the salesman or

in behalf of the German Stock Food Company, which are not herein expressed. I hereby acknowledge receipt of a duplicate of this order and agreement.

"This order is subject to the approval of the German Stock Food Company.

"[Signed]    J. E. MILLER.

"Business, harness. P. O. address, Temple, Okla. Ship to Temple, Okla. Salesman, H. R. Butler."

The defendant in his answer admitted the purchase of the goods, as alleged, but attempted to escape liability on the ground that the plaintiff had breached a certain contemporaneous, oral contract whereby it had been agreed that the defendant should have the exclusive agency for ·the sale of plaintiff's goods in the town of Temple, and that this was the moving .cause that induced him to make this purchase; that when he discovered that his competitors in Temple were handling plaintiff's goods, under similar contracts of purchase as his own, he returned these goods to the plaintiff and thereby discharged his liability, if any, on account of said purchase.

A general demurrer was filed to that part of the answer setting up the affirmative defense and was sustained, and the defendant refused to amend, and judgment was rendered for the plaintiff as prayed in its bill of particulars. The defendant .appealed to the county court, and when the cause came on for hearing that court overruled the demurrer to the affirmative defense set out in the answer, and, the plaintiff electing to stand on its demurrer, judgment was rendered for the defendant for costs, and plaintiff has perfected an appeal to this court.

The question presented by the appeal is: Did the allegations of the affirmative defense in the answer aver facts sufficient to constitute a defense to plaintiff's cause of action? In other words, would the defendant, under the law, be permitted to prove the contemporaneous, oral agreement set out varying the terms of the written contract?

The general rule is well established that, in the absence of fraud, accident, or mistake of fact, parol evidence is inadmissible to vary the terms of a written agreement. Section 942, Rev. Laws 1910, is declaratory of the general rule and reads:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its" terms and subject-matter "which preceded or accompanied the execution of the instrument."

Mr. Justice Kane, who wrote the opinion of the court in *McNinch v. Northwest Thresher Co.*, 23 Okla. 386, 100 Pac. 524, said:

"The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of fact; and any representations made prior to or contemporaneous with the execution of the written contract are inadmissible to contradict, change, or add to the terms plainly incorporated into and made a part of the written contract. *Liverpool, London & Globe Ins. Co. v. Richardson Lumber Co.*, 11 Okla. 585, 69 Pac. 936; *Guthrie & W. R. Co. v. Rhodes*, 19 Okla. 21, 19 Pac. 1119 [21 L. R. A. (N. S.) 490]; *Garrison v. Kress et al.*, 19 Okla. 433, 91 Pac. 1130."

This case is also reported in 138 Am. St. Rep. 803, and is followed there by an exhaustive note by the editor.

In *Miller Bros. v. McCall Co.*, 37 Okla. 634, 133 Pac. 183, this court, in passing upon a similar defense, held that a contemporaneous, parol agreement for an exclusive agency of the sale of the goods purchased could not be shown by parol in an action on the written contract of purchase.

It does not appear that the facts alleged in that part of the answer challenged by the demurrer can be said, by any reasonable interpretation of them, to constitute accident, fraud, or mistake of fact so as to take this attempted defense out of the operation of the general rule above stated. Not being sufficient to take this defense out of the operation of the general rule that parol evidence is not admissible to vary, add to, or change the terms of a written contract, it follows that the facts alleged were not susceptible of proof, and that they were insufficient to constitute a defense to plaintiff's cause of action, and that the county court committed error in overruling the demurrer thereto.

On account of this error the judgment appealed from should be reversed, and the cause remanded to the county court, with directions to set aside the order overruling the demurrer, and to enter an order sustaining the same, and to take such further proceedings in the cause as may be proper, not inconsistent with the law as above declared.

By the Court: It is so ordered.