## COLONIAL JEWELRY CO. v. BRIDGES.

No. 3382.   Opinion Filed November 24, 1914.

(144 Pac. 577.)

1.    **EVIDENCE**—Parol Evidence—Written Contract.   In the absence
of accident, fraud, or mistake of .fact, parol evidence is not
admissible to vary the terms plainly expressed in a written
contract.

2.    **CONTRACTS**—Written Contract—Binding Effect.   A person sign-
ing an instrument is presumed to know its contents, and one in
possession of his faculties and able to read and having an op-
portunity to read a contract which he signs, if he neglects and
fails to do so, cannot escape its legal liability, for the reason
that at the time false representations were made to the effect
that the writing contained the verbal understanding of the par-
ties.

(Syllabus by the Court.)

*Error from County Court, Rogers County;*
*H. Tom Kight, Judge.*

Action by the Colonial Jewelry Company against J. W.
Bridges.   Judgment for defendant, and plaintiff brings error.
Reversed and rendered.

*A. F. Mood* and *Phillip E. Winter,* for plaintiff in error.

*H. Jennings,* for defendant in error.

LOOFBOURROW, J.   Plaintiff in error, plaintiff below,
commenced this action against the defendant before a justice
of the peace in Rogers county, Okla.   After a verdict and judg-

ment against plaintiff, an appeal was had to the county court of Rogers county.

The petition alleged the execution of a written contract between the plaintiff and defendant, whereby the defendant purchased certain jewelry from the plaintiff. The contract bears upon its face the following terms:

"Terms of Payment. Long Time if Closed by Acceptance. The amount of this order is payable in six equal installments, due two, four, six, eight, ten and twelve months from date of invoice, provided purchaser sends us promptly on arrival of jewelry his six acceptances for amounts and time of payments payable to our order at Oklahoma City, Oklahoma.

"Cash Discount. If acceptances are not sent us as above, terms are cash. 8 per cent. discount if paid in full promptly on arrival of jewelry."

The defendant answered: First. By general denial. Second:

"Defendant admits that he signed a contract for certain goods with the plaintiff, but states the facts to be that he signed said contract under the false representation of the representative of the plaintiff that there was to be no payment made for said goods until the expiration of one year, and that the representative of plaintiff read said contract to defendant, but that in so reading he misrepresented the contents of said contract, and that, relying upon the representation of the said representative of said plaintiffs that such were the terms of the contract, and no other, he did not read over said contract, and signed same with the full understanding and belief that such were the terms of said contract,"

—and third:

"That nothing was said to defendant as to signing any acceptances, and that in fact he knew nothing of said acceptances until the goods were delivered, when he found same with invoice with the goods, whereupon he refused to accept said goods and so notified the plaintiffs, and further notified plaintiffs that he would not accept such goods."

In January, 1911, the county court overruled a demurrer to said second and third paragraphs of the answer, to which ruling the plaintiff excepted. Plaintiff's reply consists of a general denial. The trial resulted in a verdict and judgment for the defendant, from which the plaintiff appeals.

The plaintiff assigns as error the overruling of the demurrer to the second and third paragraphs of the answer; second, error in overruling motion for new trial; third, error in refusing to direct a verdict for the plaintiff; fourth, error in admitting evidence on the part of defendant in support of the second and third paragraphs of defendant's answer, each of which involves the same question of law.

The defendant was a merchant at Catoosa, and testified that he understood the English language, and that he could read and write; that he did not read the contract, which he admitting signing; he says that his eyes were not good, that he didn't care to take the time to read the contract, and that he had the agent of the plaintiff read the contract for him.

The identical questions presented by the record in this case have heretofore been determined by this court, and these two propositions are settled beyond controversy: First. Where a person signs a written contract, if he is in possession of his faculties, able to read, a mere false representation to such a person that the writing contains their verbal understanding is not the fraud contemplated upon which parol evidence may be admitted to alter or vary the terms of a written instrument. Second. The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of facts, and any representation made prior to or contemporaneous with the execution of the written contract ·is inadmissible to contradict, change, or :add to the terms plainly incorporated into and made a part of the written contract. See *McNinch v. Northwest Thresher Co.,* 23 Okla. 386, 100 Pac. 524, 138 Am. St. Rep. 803; *Liverpool & L. & G. Ins. Co. v. Richardson,* 11 Okla. 579, 69 Pac. 936; *Garrison v. Kress,* 19 Okla. 433, 91 Pac. 1130; *Guthrie & W. R. Co. v. Rhodes,* 19 Okla. 21, 91 Pac. 1119, 21 L. R. A. (N. S.) 490; *Herron v. M. Rumeley Co.,* 29 Okla. 317, 116 Pac. 952. The plaintiff's demurrer to the answer should have been sustained. The trial

court erred in admitting testimony in support of the second and third paragraphs of the answer, and under the evidence a peremptory instruction should have been given in favor of the plaintiff.

The judgment of the trial court is reversed and rendered.

All the Justices concur, except KANE, C. J., absent and not participating.