## WHITE SEWING MACH. CO. v. McCARTY FURN. CO.

No. 6762.　Opinion Filed October 10, 1916.

(160 Pac. 495.)

SALES—Fraud by Agent of Seller. In a suit for a balance due on account for sewing machines sold and delivered, defendant pleaded fraud in the procurement of the order therefor, in that before he signed the order he and plaintiff's agent entered into certain verbal agreements which the agent represented to him were. but which were not, included in the order containing the contract, and that he was moved to sign the same as a result of said fraudulent representations of the agent, and that he did not read the contract before signing it for the reason the agent left in a hurry to catch the train. Assuming the agent made the representations pleaded and that they were the cause moving defendant to sign the contract, evidence examined, and **held**. that such did not constitute fraud in its procurement.

(Syllabus by the Court.)

*Error from District Court, Kay County;*
*Wm. M. Bowles, Judge.*

546    SUPREME COURT OF OKLAHOMA.

White Sewing Machine Co. v. McCarty Furn. Co.

Action by the White Sewing Machine Company against the McCarty Furniture Company. Judgment for defendant, and plaintiff brings error. Reversed and rendered.

*Sam K. Sullivan,* for plaintiff in error.

*W. K. Moore* (*L. A. Maris,* of counsel), for defendant in error.

TURNER, J.   On December 23, 1912, in the district court of Kay county, White Sewing Machine Company, plaintiff in error, sued McCarty Furniture Company, defendant in error, for a balance due on account for sewing machines sold and delivered by plaintiff to defendant, aggregating $283.   For answer, defendant denied liability and set up that his order for the machines was procured through fraud, in this, that, as an inducement to him to sign the order, plaintiff's agent came to his store and represented to him that he could sell many sewing machines in and around Ponca City; that he (the agent) had the names of many persons in that vicinity to whom defendant could sell them; that if he would order the machines plaintiff would send a man to solicit and canvass the county and sell them for defendant; that plaintiff would send a lady demonstrator to Ponca City; that she would make public demonstrations and thereby advertise the machines so as to enable defendant to sell them; and that, if he did not sell them before November 1st, the agent would take them back and defendant would not be required to pay for them—to all of which he agreed. The answer further alleged that thereafter said agent produced a written contract or order for the machines which, he represented to defendant, contained the foregoing verbal agreements, and which defendant did not

read before signing for the reason the agent left him in a hurry to catch the train; that he relied upon the truth of said statements, which were false, and, so relying, signed the contract and order for the machines, which said contract contained none of the agreements aforesaid between him and the agent. A demurrer was filed to said answer, which was overruled, whereupon the cause was tried to a jury and judgment rendered in favor of plaintiff for the amount of the account. Thereafter defendant filed a motion for a new trial, which was granted and the cause again set for trial. On February 18, 1914, without further pleading, the cause was again tried and resulted in a judgment in favor of defendant, to reverse which plaintiff prosecutes this appeal. The judgment is contrary to the evidence.

The order was dated January 16, 1912, and was for 17 machines, two of which were given to the purchaser to be disposed of as premiums; the balance were to be paid for. Immediately over defendant's signature thereto appears:

"This order is given subject to approval of the White Sewing Machine Co. and if accepted or filled in full or in part, to be settled for at the prices and terms above set forth. It is understood that no claim of any understanding or agreement of any nature whatsoever between this company and its dealers will be recognized except such as is embraced in written orders or is in writing and is accepted by said company in writing from its home office at Cleveland, Ohio."

And the same was approved and accepted in writing by plaintiff on January 24, 1912. It contained none of the stipulations pleaded. By its terms the machines were to be paid for on or before November 1st, with a discount

of $1 per machine, if paid for within 30 days from date of order. They were shipped pursuant thereto, and, in June following, plaintiff again received an order from defendant for another machine, which was shipped and paid for by defendant. On October 1st, defendant wrote plaintiff that, owing to his financial condition and that he had been unable to sell thirteen of the machines, he would be unable to pay for them on November 1st, and asked shipping instructions about them. In answer thereto, on October 5, 1912, plaintiff wrote defendant that they would not take the machines back and credit him therefor. After said account was due, on November 6, 1912, defendant sent plaintiff $95, the amount he had received for the sale of four machines. On November 20th, plaintiff acknowledged receipt of said $95 and credited his account with that amount and demanded $283 as the balance due on the contract, and, when he did not answer, this suit was brought. No claim of fraud was ever made by defendant prior to his answer in the cause, and, aside from that, he has no other defense.

Assuming the agent made the representations pleaded and that they were the cause moving defendant to sign the contract, when he did so with the clause in the contract above set forth staring him in the face, he must abide thereby. In *Colonial Jewelry Co. v. Bridges*, 43 Okla. 813, 144 Pac. 577, in the syllabus it is said:

"A person signing an instrument is presumed to know its contents, and one in possession of his faculties and able to read and having an opportunity to read a contract which he signs, if he neglects and fails to do so, cannot escape its legal liability, for the reason that at the time false representations were made to the effect that the writing contained the verbal understanding of the parties."

And in the body of the opinion it is said:

"The identical questions presented by the record in this case have heretofore been determined by this court, and these two propositions are settled beyond controversy: First. Where a person signs a written contract, if he is in possession of his faculties, able to read, a mere false representation to such a person that the writing contains their verbal understanding is not the fraud contemplated upon which parol evidence may be admitted to alter or vary the terms of a written instrument. Second. The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of facts, and any representation made prior to or contemporaneous with the execution of the written contract is inadmissible to contradict, change, or add to the terms plainly incorporated into and made a part of the written contract."

In *Ames v. Milam,* 53 Okla. 739, 157 Pac. 941, in the syllabus we said:

"Merely representing, to a man in possession of his faculties and able to read, that a writing embodies a previous verbal understanding, is not such fraud as will avoid the instrument."

And in the opinion the court said:

"The fact that defendant was too busy to read the contract, or that it suited the convenience of plaintiff's agent for him to sign it, so he could make the outgoing train, does not relieve defendant of his duty to apprise himself of its contents."

The cause is reversed and rendered, and defendant taxed with the costs.

All the Justices concur.