## J. B. COLT CO. v. FLORENCE.

No. 17457. Opinion Filed Nov. 8, 1927.

(Syllabus.)

### Evidence—Sales—Parol Evidence Inadmissible to Vary Terms of Written Order.

A contract in writing supersedes all oral negotiations or stipulations prior thereto, and if at the time of the sale a written order is given by the purchaser, duly signed by him, and later upon delivery of the article bought a note is given for the purchase price, and suit is brought on the note, oral testimony is incompetent to vary, change, or contradict the written order.

Commissioners' Opinion, Division No. 2.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by J. B. Colt Company against L. W. Florence on a promissory note. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

C. L. McArthur, for plaintiff in error

J. P. Speer, for defendant in error.

HERR, C. The parties appear in this court as they did in the trial court; that is, plaintiff in error was plaintiff below and defendant in error was defendant. They will be so referred to in this opinion.

Plaintiff prosecutes this action against the defendant to recover a balance due on a promissory note in the sum of $259.90, with

interest at 6 per cent. from the 26th day of July, 1919. Defendant answered, admitting the execution and delivery of the note, but, as a defense thereto, alleges that the consideration of said note wholly failed in that said note was given to plaintiff for the purchase price of a certain lighting system sold by plaintiff to defendant; that at the time of the sale of said system plaintiff's agent represented that said system would burn five lights for three months on 50 pounds of carbide, and that it was further represented that plaintiff would maintain a station at Comanche, Okla.. for furnishing carbide, and to make necessary repairs to the said system so sold; that plaintiff failed and refused to maintain said station, and that instead of said system burning five lights for three months on 50 pounds of carbide, as represented, it required 50 pounds of carbide to burn four lights three weeks; that by reason thereof, the consideration for said note wholly failed, and defendant prayed judgment against plaintiff for the cancellation of said note and costs of suit. The plaintiff replied by way of a general denial.

On the issues thus framed, the cause was submitted to the jury, and the trial resulted in a verdict and judgment for defendant. To reverse this judgment, plaintiff appeals to this court.

Plaintiff assigns as error the admission, over his objection, of certain alleged incompetent evidence. The lighting system in question was purchased from plaintiff by defendant on a written order executed by defendant, which, among other things, contains the following clause:

"It is agreed that in accepting this order the company warrants the apparatus furnished to be a thoroughly durable galvanized steel acetylene generator, automatic in action, and of good material and workmanship, and that it is on the permitted list of the National Board of Fire Underwriters; * * * it being understood that this instrument, upon such acceptance, covers all the agreements between the purchaser and the company, and that no agent or representative of the company has made any statements or verbal agreements modifying or adding to the terms and conditions herein set forth. It is further understood that upon the acceptance of this order the contract so made cannot be canceled or revoked by either party, nor may it be altered or modified by any agent of the company, or in any manner, except by agreement in writing between the purchaser and the company acting by one of its officers."

At the trial the defendant was permitted to testify, over and against the objections and exceptions of the plaintiff, to certain statements and representations alleged to have been made by plaintiff's salesman at the time the order above mentioned was executed. By this testimony it was sought to establish that representations, as alleged in defendant's answer, were made by plaintiff's salesman at the time the lighting system was sold, and at the time the order for the purchase thereof was executed, and thus enlarge upon the warranty contained in the written order so executed. The objection urged against this evidence was that it tended to vary and contradict the terms of the written order. This objection was well taken and should have been sustained. White Sewing Mach. Co. v. McCarty Furn. Co., 58 Okla. 545, 160 Pac. 495; Hollister v. Nat. Cash Register Co., 55 Okla. 214, 154 Pac. 1157; Ozark States Trust Co. v. Winkler, 84 Okla. 7, 202 Pac. 12; J. B. Colt Co. v. Thompson, 114 Okla. 61, 242 Pac. 1030.

In the case of Hollister v. Nat. Cash Reg. Co., supra, the holding is as follows:

"A contract in writing supersedes all oral negotiations or stipulations prior thereto, and if at the time of the sale a written order is given by the purchaser, duly signed by him, and later, upon delivery of the article bought, a note is given for the purchase price, oral testimony is incompetent to vary, change, or contradict the written order."

In the case last above cited, it was said:

"The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of fact in its procurement; and any representation made prior to or contemporaneous with the execution of the written contract is inadmissible to contradict, change, or add to the terms plainly incorporated into and made a part of the written contract."

The facts in the above case are similar to the facts in the instant case. In the opinion it is disclosed that the same company appearing here as plaintiff brought an action to recover for the purchase price of a lighting system; a similar written order was executed by the purchaser in that case as was executed by the purchaser in the instant case; at the trial evidence was admitted over the objection of plaintiff as to representations made by plaintiff's agent at the time of the sale and at the time of the execution of the written order, the ground of the objection being the same as the objection in the instant case. In the opinion of the court, written by Mr. Justice Mason, it is held that such evidence was improperly admitted, and

no further evidence having been offered in the case, it was held that the trial court should have sustained plaintiff's demurrer to the evidence. The judgment of the lower court in favor of the defendant was reversed, and judgment rendered in favor of the plaintiff.

It is also contended by plaintiff that the court erred in overruling its demurrer to defendant's evidence. The only evidence offered by defendant was the evidence as above set forth tending to prove the misrepresentations of plaintiff's salesman. No other defense was pleaded. Under the authorities above cited, this evidence should have been excluded. It, therefore, follows that the demurrer should have been sustained.

It is argued by the defendant that the judgment should be sustained on the theory that there was a breach of an implied warranty; this defense was not pleaded, neither is there any evidence to the effect that the lighting system was not suitable to perform the ordinary work for which it was made and manufactured.

The evidence discloses that the lighting system was installed and had been in operation for several years prior to the bringing of this action. Part payment was made on the plant subsequent to its installation. Two years after the installation, when pressed for payment, defendant pleaded for further time. No complaint was made that it was not as represented. No offer was made to return the plant. Nothing was done by defendant entitling him to rescind the contract. Under no theory was the defendant entitled to judgment.

Judgment should be reversed, and the cause remanded, with directions to the trial court to enter judgment for the plaintiff.

BENNETT. HALL, DIFFENDAFFER, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 22 C. J. p. 1102, §1459; pp. 1114, 1117, §1474; anno. 17 L. R. A. 271; 10 R. C. L. p. 1017; 2 R. C. L. Supp. p. 1140: 4 R. C. L. Supp. p. 686; 5 R. C. L. Supp. p. 582; 6 R. C. L. Supp. p. 635.