## SEAL OIL CO. et al. v. ROBERSON.

No. 25945.   Oct. 15, 1935.

Rehearing Denied Dec. 3, 1935.

E. W. Schenk, for plaintiffs in error.

Sigler & Jackson, for defendant in error.

PER CURIAM. This action was commenced by Hattie Roberson, as plaintiff, against Seal Oil Company and R. M. Parish, as defendants, but it appears that R. M. Parish transacted business under the trade name of Seal Oil Company, and hence he is the so'e party defendant. In this opinion we will allude to the parties as they appeared in the lower court.

The plaintiff, in her petition, in substance, alleges that she is without experience in business matters, and that the defendant is a very shrewd business man with many years of experience; that plaintiff was the owner of a lot in Ardmore, Okla., used as a filling station, and that she had been renting it to the defendant for a number of years; that, on September 12, 1931, she executed a contract renting this lot to R. L. Bowman and Cecil Crosby for a term of ten years beginning October 1, 1931, and that after the p'aintiff had executed that lease, the defendant approached the plaintiff to lease the lot, and that after the plaintiff informed the defendant that she had leased the lot to the other parties, the defendant represented to the plaintiff that her contract with Bowman and Crosby was not binding on her, and that if she would lease the lot to him, he would protect her against any lawsuit for damages which might be filed by Bowman and Crosby against her, and that if suit was filed by them against her for damages for breach of their lease, he would defend such suit and pay all of the expense connected with it and pay any judgment which might be rendered against her in such suit, and that on account of plaintiff's inexperience and ignorance of business affairs and on account of the representations of the defendant, the plaintiff was induced to and did, on September 15, 1931, execute to the defendant a contract leasing this lot to him; that because of plaintiff's previous business transactions with the defendant and her confidence in him, she relied upon him to draw a contract containing the provision obligating the defendant to protect her against the apprehended lawsuit by Bowman and Crosby and pay her attorney's fee in that event, and that when the contract was brought to her by the defendant she presumed the contract contained that provision, and that if the contract does not contain that provision, it was left out by the defendant, and that relying upon the defendant and because of her belief that he would draw the lease contract in compliance with their agreement, she signed it; that one of the considerations for her execution of that lease was the agreement of the defendant that he would protect her against any litigation she might have with Bowman and Crosby; that thereafter Bowman and Crosby brought an action against the plaintiff for breach of her lease contract with them and recovered judgment against her for $500 and costs, and that the plaintiff was forced to pay an attorney's fee of $75 in the defense of that action, and that the defendant refused to pay the amount of that judgment, cost and attorney's fee, and wholly failed to pay the consideration for her lease to him, to wit, the expense of said litigation and said judgment, and she prays for judgment against the defendant for the amount of that judgment, interest, costs and attorney's fee.

To plaintiff's petition the defendant pleaded a general denial, and in addition special matter which for the purpose of this decision it is not necessary to recite.

Neither was the petition nor the special answer tested by demurrer. Had this been done and the proper rulings thereon been obtained, the issues in this case would have been made clear, and the duties of counsel,

the jury and the court would have been easier.

This case was considered and treated by the parties and the trial court as purely an action for breach of an express contract of indemnity, and from an examination of the allegations and the proof we reach the same conclusion. Some allegations in the petition possess some elements of an action for deceit based on fraud, such as the representations by the defendant that the lease to Bowman and Crosby was not binding on the plaintiff and that the defendant had an option for a new lease or renewal, but the petition is clearly lacking in other indispensable allegations to constitute such a case, among others being the lack of an allegation that the alleged statements of the defendant were false or the allegations of facts showing the same to be false. The allegation that it was intended that the provision for indemnity was to be incorporated in the written lease, and that if it was left out it was omitted by the defendant, and proof to that effect did not constitute actionable fraud, inasmuch as the evidence shows that the plaintiff is a woman of fair education and can read. Guthrie & W. R. Co. v. Rhodes, 19 Okla. 21, 91 P. 1119; McNinch v. Northwest Thresher Co., 23 Okla. 386, 100 P. 524; Colonial Jewelry Co. v. Bridges, 43 Okla. 813, 144 P. 577; White Sewing Machine Co. v. McCarty Furniture Co., 58 Okla. 545, 160 P. 495; Ozark States Trust Co. v. Winkler, 84 Ok'a. 7, 202 P. 12. We consider these features of the petition and the evidence in that respect only for the purpose of determining what is plaintiff's cause of action, inasmuch as there was some evidence of fraud, and plaintiff's counsel in their brief at times touch on fraud, but we see nothing in it but a case for breach of express contract, and will consider and determine the legal rights of the parties in such a case.

The plaintiff is the owner of a lot in Ardmore, Okla., for a long time used as a filling station. On October 12, 1923, she executed a lease on this lot to one J. D. Moorhead for a term of five years, with a provision that the lease should not be considered renewed except by agreement of the parties thereto, and with a further provision that at the expiration of the lease J. D. Moorhead should have the option of renewing or entering into a new lease on the lot, the terms of the renewal or new lease to be agreed upon by the parties, but the lease is silent as to the amount to be paid for the renewal or new lease and the length of the term of the same. After the expiration of this lease and after the death of J. D. Moorhead, the defendant purchased the improvements on this lot, owned by Moorhead, from his heirs, and the defendant continued to occupy the lot as a tenant of the plaintiff from the time of his purchase of those improvements to the time of the trial of this case, and, during that time, paid her a different price for the rental of the lot from that provided for in the Moorhead lease. There is no evidence of the renewal of the Moorhead lease. On September 12, 1931, the plaintiff leased in writing this lot to R. L. Bowman and Cecil Crosby for a term of ten years, beginning on October 1, 1931. On September 15, 1931, the plaintiff leased in writing the same lot to Seal Oil Company for a term beginning on October 1, 1931, and terminating on October 1, 1942, with a covenant of warranty. The defendant transacted business under the trade name of Seal Oil Company and continued in possession of the lot up to the time of the trial of this case, and Bowman and Crosby were never in possession of the same but sued plaintiff and defendant for damages resulting from the breach of the lease to them, and recovered judgment against the plaintiff only for $500 damages and costs, and plaintiff paid her attorney for her defense in that action $75. There is no dispute of the facts just stated.

The plaintiff contended and testified extensively to the effect that when the defendant approached her for a lease on this lot, after he had learned she had previously leased it to Bowman and Crosby, and during their negotiations and while he was threatening to sue her for damages because of his assertion of an option under the Moorhead lease, he promised her as a part of the consideration of a lease on the lot to him he would pay all damages which Bowman and Crosby might recover against her because of her breach of her lease to them and whatever attorney's fee she might incur in the event of an action against her by them, and that the defendant promised her to incorporate this promise in the written lease, all of which the defendant denies in his testimony. The written lease admitted in evidence does not contain this covenant. Whether this promise was made and broken was the only question of fact submitted to the jury, except as to the measure of damages.

Max Roberson, a son of the plaintiff, introduced as a witness by the plaintiff, was permitted to testify over the objection by the defendant that after the action was commenced by Bowman and Crosby against plaintiff and defendant, and while the same was pending, he heard the defendant tell the

plaintiff that "if she would stand the trial by herself, he would stand all costs she had to be out, if they got anything, he did not think there would be any, but if there was he would pay it." The plaintiff did not ask that this testimony of her son be limited as corroborative of her testimony or otherwise, but it was admitted generally and had its force before the jury. There was no allegation of this promise or offer, and no instruction limiting it, and hence it was irrelevant to the issue in the case and the trial court erred in admitting it. No one can tell what effect it had on the jury. It may have turned the verdict for the plaintiff.

When plaintiff rested, the defendant demurred to her evidence, which was overruled, and the defendant excepted. After the close of all of the evidence, the defendant again demurred to the evidence, which was overruled and the defendant excepted. The case was then submitted to the jury and a verdict was rendered for the plaintiff against the defendant for $652 and costs, and judgment was entered upon that verdict, and it is clear that the verdict was for the amount of the damages recovered by Bowman and Crosby against the plaintiff resulting from the breach by her of her lease to them.

After an unsuccessful motion for new trial and for judgment non obstante veredicto, the defendant has brought this case here for review and makes the following assignments of error: First, that the court did not sustain the demurrer of the defendant at the close of the plaintiff's testimony; second, that the court did not sustain the demurrer of the defendant at the close of all the testimony; third, that the court permitted the plaintiff to introduce incompetent, irrelevant and immaterial testimony; fourth, that the verdict is not sustained by sufficient evidence and is contrary to the law; fifth, error of law occurring at the trial; sixth, error of the court in refusing the peremptory instruction requested by the defendant; seventh, overruling defendant's motion for judgment notwithstanding the verdict.

The defendant, in his brief, discusses this case under two propositions. Under his first proposition he contends that the lower court erred in admitting parol testimony to vary the terms of a written contract, and that the trial court should have sustained his demurrer to plaintiff's evidence, and under his second proposition he contends that the plaintiff cannot recover in any event because of the illegality of the contract sued on.

The plaintiff attacks the defendant's brief claiming that it violates Rule 10 of this court in that it does not set out the testimony objected to. Defendant's original brief is rather meager in this respect, but he filed a supplemental brief in which we think he met this objection. Plaintiff further contends that the defendant's objection to her testimony, to the effect that the defendant promised to indemnify her against damages resulting from her breach of the Bowman and Crosby lease, on the ground that it was an attempt to vary or add to the terms of a written lease, came too late. If this proposition involved only the applicable rule of evidence, we would agree with plaintiff, but it goes beyond that, and the question is governed by the substantive law, by which rights and duties are defined and established. It is controlled by section 9456, O. S. 1931, which reads as follows:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

This statute is mandatory and more than a rule of evidence. It is a part of our substantive law and defines and establishes the rights of these parties under this evidence.

The plaintiff testified that the promise of the defendant to so indemnify her against damages was a part of the consideration for the lease, and that it was agreed that it be incorporated in the written lease. The truth of that testimony and all other testimony introduced by the plaintiff, including the execution and delivery of the written lease, being admitted by defendant's demurrer to plaintiff's evidence, and it being brought to the attention of the court by the demurrer, it then became the duty of the court to determine whether this admitted parol covenant was a separate and independent contract and enforceable, or whether it was an operative part of the entire contractual engagement of the parties and lost by its failure to find its way into the written contract, regardless of whether objection was made to it by the defendant when parol evidence of it was offered by the plaintiff. McNinch v. Northwest Thresher Co., 23 Okla. 386, 100 P. 524; Reed v. Moore, 54 Okla. 354, 154 P. 348; Higgs v. DeMaziroff, 263 N. Y. 473, 189 N. E. 555; Pitcairn v. Philip Hiss Co., 125 Fed. 110; Watkins Salt Co. v. Mu'ky, 225 Fed. 739; Mears v. Smith, 199 Mass. 319, 85 N. E. 165; Edward Thompson Co. v. Foster, 101 Kan. 14, 165 P. 841.

We come now to the vital question in this

case: Was the agreement between plaintiff and defendant, by the terms of which the defendant obligated himself to protect plaintiff from damages which might result from the breach of her lease to Bowman and Crosby, a contract separate and independent of the written lease between plaintiff and defendant, or was it a proposed and accepted covenant intended to be a part of the written contract, or so closely connected with the negotiations ripening into the written lease and so dependent for its support upon the terms, considerations, and mutual obligations contained in the written lease as to make it a part of that entire contractual engagement? If the former condition existed and the contract is not illegal because involving the breach of the Bowman and Crosby lease, it is an enforceable contract, but if the latter condition existed it is not enforceable.

This proposition has been considered by this court many times, and in most cases where a litigant prevailed his cause was based on fraud and the relief given for the fraud only. Where litigants have successfully asserted collateral parol contracts, they were clearly separate and independent of the written ones. In this case, based on contract solely, the evidence admitted by the demurrer to be true shows that the defendant promised to incorporate the indemnity covenant in the written lease, and that it was supposed to be in it, and that it was the intention of the parties that the written lease should contain all of the terms of their entire engagement. including the promise of indemnity, and that no separate contract was contemplated. The evidence further shows that the promise of indemnity was a part of the consideration moving from the defendant to the plaintiff for the use of the lot by him during the term of their lease, just as much of that consideration as the amount to be paid each month as rental, and the effect of the parol agreement, if upheld, would be to add an additional term to the written lease and increase the consideration for the same. The evidence further shows that there was no consideration for the promise of indemnity except the written lease, and that it was dependent upon and concerned the matter of the written lease and inseparable from it. The written lease in evidence stipulates fully and definitely the acts each party is to perform, and is a complete, clear, explicit and unambiguous contract as to the things on its face it contemplates. and there is nothing in it indicating any other agreement between the parties. The evidence further shows that the renting of the lot was the main transaction between the parties, and hence it was not an incident connected with the promise of indemnity, but, on the contrary, the latter, if anything, was an incident to the written lease. On these facts, and under section 9456, O. S. 1931, supra, and the former holdings of this court, we reach the conclusion that the parol indemnity agreement was superseded by the written lease between the parties. and the indemnity agreement being thereby lost and the plaintiff resting her cause solely upon that, she failed to make out a prima facie case for recovery, and therefore the court below erred in overruling the defendant's demurrer to the plaintiff's evidence. The principle is elementary and fundamental, firmly established by the common law, the statute of this state mentioned, and the decisions of this court, that under such facts the written contract is the sole depository of the agreement of the parties on all matters which were the objects of their negotiations, and such contract cannot be altered, varied, contradicted, enlarged, narrowed or added to by parol testimony, but the written contract must speak for itself, except in case of accident, mistake, or fraud when the remedies are other than an action at law for breach of the parol agreement claimed to have been omitted from the written contract. Section 9456, O. S. 1931; Guthrie & W. R. Co. v. Rhodes, 19 Okla. 26, 91 P. 1119; Garrison v. Kress, 19 Okla. 433, 91 P. 1130; McNinch v. Northwest Thresher Co., 23 Okla. 386, 100 P. 524; Oland et al. v. Malson et al., 39 Okla. 456, 135 P. 1055; German Stock Food Co. v. Miller, 39 Okla. 634, 136 P. 426; Colonial Jewelry Co. v. Bridges, 43 Okla. 813, 144 P. 577; Reed v. Moore, 54 Okla. 354, 154 P. 348; Reinheimer v. Mays, 75 Okla. 131, 182 P. 230; Ozark States Trust Co. v. Winkler, 84 Okla. 7, 202 P. 12; Posey v. Citizens State Bank, 93 Okla. 266, 220 P. 628; Fuller v. Caraway, 97 Okla. 110, 221 P. 79; Chi Okla. Oil & Gas Co. et al. v. Shertzer, 105 Okla. 111, 231 P. 877; Nachtsheim et al. v. Bartle, 131 Okla. 166, 268 P. 195; Wichita Flour Mills Co. v. Guyman Equity Exchange, 150 Okla. 245, 1 P. (2d) 657; Kansas City Flower Market Co. v. Furrow et al., 165 Okla. 245 25 P. (2d) 794. Were this not the law, every written contract would ultimately rest in parol and defeat the very purpose of reducing business engagements to writing.

In the case of Holcomb & Hoke Mfg. Co. v. Jones, 102 Okla. 175, 228 P. 968, this court held that a party who signs a written contract with the agreement that an additional covenant is to be inserted therein cannot treat the omitted covenant as a term of a

contract. Such party must resort to some other appropriate remedy.

The case of Young v. Eaton, 82 Okla. 166, 198 P. 857, cited by plaintiff as authority on the admissibility of her parol testimony, is not applicable, because in that case the oral contract sued upon was made personally by agents of the party who made a written contract with the plaintiff, and the oral contract between the plaintiff and the defendants did not concern the matter of the written contract. Edwards v. City National Bank of McAlester, 83 Okla. 204, 201 P. 233, and Berry-Beall Dry Goods Co. v. Francis, 104 Okla. 81, 230 P. 496, also cited by plaintiff in support of her contention on this proposition, are also inapplicable, because the main transactions in those cases rested in parol, while the note in the former case and the mortgage in the latter were only incidents connected with the main parol transactions, respectively. The former case, under the style of City Nat. Bank of McAlester v. Edwards, came back to this court again and is reported in 100 Okla. 202, 229 P. 487, where the former holding was reaffirmed. The plaintiff depends strongly upon Dusbabek v. Bowers, 173 Okla. 53, 43 P. (2d) 97, 47 P. (2d) 141, but that case is distinguished from this in that there the defendant was unable to read the contract of purchase because of lack of his glasses and he relied upon the false and fraudulent representations of the agent of the plaintiff that the contended for covenant was contained in the written contract, and the further distinction between that case and this is that in that case the defendant pleaded fraud as a defense in an action against him, while in this the plaintiff is suing on the parol agreement. The plaintiff has cited cases from other states and the federal courts, but the facts in those cases are so dissimilar to those in this as to render them of no avail to plaintiff's contention.

Having reached the conclusion that the parol agreement for indemnity, sued upon, was superseded by the written lease, it is unnecessary to pass upon the defendant's contention that it was illegal because it provided for the breach of the other lease, or upon the proposition of the plaintiff that she was not in pari delicto with the defendant, as those questions cannot arise again in this case.

Because of the errors pointed out, this cause is reversed and remanded for a new trial.

The Supreme Court acknowledges the aid of Attorneys E. J. Gilder, R. A. Hockensmith, and J. P. Hannigan in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Gilder and approved by Mr. Hockensmith and Mr. Hannigan, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.