**BREWER et al. v. NATIONAL SURETY CORPORATION.**

No. 3644.

Circuit Court of Appeals

Tenth Circuit.

Aug. 25, 1948.

---

* Judge Garrecht died on August 11, 1948.

O. B. Martin, of Oklahoma City, Okla. (Andrew Fraley, of Oklahoma City, Okla., on the brief), for appellants.

Clyde Watts, of Oklahoma City, Okla. (Looney, Watts, Ross, Looney & Smith, of Oklahoma City, Okla., on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal from the judgment of the trial court dismissing appellants' cause of action on the ground that appellants' amended complaint and the opening statement of their counsel did not state a cause of action against appellee. The sole question is whether the amended complaint and the opening statement of counsel, if established, were sufficient to show that one Roy C. Davis and Roger W. Davis were employees within the provisions of a Blanket Honesty Insurance Policy issued by appellee defining "employee" or "employees" as those "in the regular service of the insured in the ordinary course of the Insured's business, and who are com-

pensated by salary, wages, and/or commissions, and whom the Insured has the right to govern and direct at all times in the performance of such service * * * but not to mean brokers, factors, commission merchants, consignees, contractors, or other agents or representatives of the same general character."

The amended complaint, so far as material, alleged substantially these facts:

That on December 15, 1946, appellants engaged Roy C. Davis and Roger W. Davis as employees to work for them pursuant to an oral contract under which they were to solicit orders for building materials in the State of California, which materials were to be furnished by appellants and were to be transported from Oklahoma City and delivered to customers in California obtained by the employees; that the employees were to make collections on the sale and delivery of the merchandise in California and transmit the collected funds to appellants; that all costs and expenses incident to the sale and delivery of the merchandise were to be deducted and fifty per cent of the net proceeds remaining was to be paid to the employees as their compensation; that it was orally agreed that appellants would govern and direct said employees in the performance of said contract and generally govern, direct and supervise their activities in the sale and delivery of the building materials handled by them under said agreement. The complaint then alleged defalcations which would make appellee liable under the bond if the Davis brothers were employees.

The amended complaint further alleged that the parties operated under the oral contract from December 15, 1946, to December 28, 1946, and that on December 28, 1946, a written contract was executed by the same parties. A copy of the written contract attached to the complaint, while executed December 28, 1946, recites that it was entered into on December 15, 1946. The pertinent provisions of the written contract are set out in footnote one.[1] It thus appears that the written contract

---

[1] "Whereas: The Company has, (1) valuable connections with various material dealers in this region, and (2) the cash or credit with which to obtain large quantities of building materials and other saleable merchandise, and (3) the or-

covers the identical period of time covered by the alleged oral contract. It also covers the same business transactions and contemplates the same course of business between the same parties as those provided for under the alleged oral contract.

■ It is competent for the parties to agree that a written contract shall take effect as of a date earlier than that on which it was executed, and when this is done, the parties will be bound by such agreement.[2]

15 O.S.A. § 137, provides that: "The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

■ In Seal Oil Company v. Roberson, 175 Okl. 140, 51 P.2d 801, 805, the Oklahoma Supreme Court said: "* * * that under such facts the written contract is the sole depository of the agreement of the parties on all matters which were the objects of their negotiations, and such contract cannot be altered, varied, contradicted, enlarged, narrowed, nor added to by parol testimony * * *"

See also cases collected under Note 2 and Note 3, 15 O.S.A. § 137. It follows that we must look to the written contract alone to determine whether the Davis brothers were employees under the provisions of the policy in question. An examination of the appended contract clearly indicates the absence of an employer and employee relationship between the parties thereto.

■ The trial court correctly concluded that the contract did not establish the relationship of employer and employee. The Davis brothers were not employees of ap-

---

ganization to handle, (a) the purchasing of these various materials and merchandise, and (b) accounting for the various phases of the work resulting from the purchasing, handling, selling, delivery, etc., and,

"Whereas: The company agrees to furnish these facilities in fulfillment of this agreement, and,

"Whereas: Mr. Davis has (a) control of or owns transportation consisting of trucks capable of hauling large quantities of merchandise and (b) the organization to operate this transportation and (c) the connections and organization to dispose of merchandise and building materials in various parts of the U. S., and (d) agrees to use these facilities in fulfillment of this agreement, and,

"Whereas: It appears that by combining the facilities and resources of The Company and Mr. Davis, as listed above, and using these facilities and resources to obtain, sell, deliver, and collect for merchandise, a substantial profit may be realized.

"Now, Therefore: The parties agree to combine these facilities and resources and use this combination to obtain, handle, sell, transport, collect for and disburse collections received from the sale of Building materials and/or other kinds of merchandise. It is agreed between the parties that The Company is to obtain the materials and/or merchandise and handle the accounting in connection with the entire transaction; and that Mr. Davis is to receive and load the materials and/or merchandise on his truck and transport same to its destination, collect the money for the cargo and return the money to the Company for distribution.

"All moneys received from the sale of materials and/or merchandise shall be disbursed as follows:

"First. All invoices for the materials making up the load or loads shall be paid.

"Second. That portion thus remaining shall be divided equally between The Company and Mr. Davis. The Company shall pay, from its share, all expenses of accounting and financing in connection with the obtaining, selling, collecting, and disbursement. Mr. Davis shall pay, from his share, all expenses of operation, maintenance, and repairs of his transportation, salaries of truck drivers and swampers and any other expense incident to delivery, selling and collection * * *

"This agreement covers only that business and transactions resulting from deals made to obtain materials and merchandise in Oklahoma for delivery to other states or vice versa and does not include any of the business conducted by the Paul Brewer Company including construction, sales and engineering and prefabricated buildings in Oklahoma * * * *"

[2] 13 C.J. § 132, page 308; 17 C.J.S., Contracts, § 61, page 410; Wright v. Prudential Ins. Co., 27 Cal.App.2d 195,

pellants either under the definition of "employees" in the contract or under the principles laid down in the decisions. There is a complete absence of those elements stressed in the decisions as essential to the creation of such a relationship.[3] A casual reading of the contract makes this manifest and we shall not again detail those elements and discuss them at length. It is sufficient to say that the Davis brothers were not employees of appellants. The contract contemplated a business venture, the exact nature of which is not necessary to define, in which the parties combined their mutually beneficial facilities, as they hoped, for a common gain or profit. The facts clearly distinguish this case from that of United States v. Wholesale Oil Co., 10 Cir., 154 F.2d 745, upon which appellants place strong reliance.

Affirmed.

80 P.2d 752; American Credit Indemnity Co. v. Hecht & Co., 137 Ky. 261, 125 S.W. 697, 129 S.W. 340.

[3] See the following cases: Jones v. Goodson, 10 Cir., 121 F.2d 176, 179; United States v. Wholesale Oil Co., 10 Cir., 154 F.2d 745; United States v. Albert Silk d/b/a Albert Silk Coal Co., 10 Cir., 155 F.2d 356; Texas Company v. Higgins, 2 Cir., 118 F.2d 636; Grace v. Magruder. 80 U.S.App.D.C. 53, 148 F.2d 679; Drumright Gas Engine Co. v. Sherrill, 173 Okl. 147, 46 P.2d 921; and cases cited therein.