## ALPINE McLEAN *vs.* T. J. NICOL.

### April 24, 1890.

**Written Lease—Prior Oral Agreement.**—Where there was a written lease of premises, *held*, that proof of a prior oral agreement to introduce gas and water into the premises during the term is not competent.

Appeal by plaintiff from an order of the municipal court of Duluth, denying his motion for a new trial in an action to recover $90 rent reserved in a written lease.

*Walter Ayers,* for appellant.

*Tear & Davies,* for respondent.

GILFILLAN, C. J. This was an action for the rent of certain premises in Duluth for the months of March and April, 1889, under a written lease of the premises for a term commencing June 15, 1888, and ending May 1, 1889. The defendant occupied the premises under the lease from the commencement of the term until the last day of February, 1889, when he left them. As a reason for vacating the premises, and as the basis for his claim that no rent accrued for the months of March and April, defendant alleges that prior to the execution of the lease it was verbally agreed between him and plaintiff that the latter should lease to him the premises from June 15, 1888, to May 1, 1890, and at once proceed to put the gas and water service into the premises, and make connection with the gas and water mains as soon as they should be completely laid in the street opposite, and

the water turned in, and should give defendant a written lease of the premises, the rent to be $45 per month until the gas and water service should be put in the premises, and $50 per month thereafter. The written lease provides that the defendant shall pay rent at the rate of $45 per month until the gas and water service shall be introduced into the premises, and after that time at the rate of $50 per month; but there is no express covenant by the lessor to introduce the gas and water. The court below, against the objection of the plaintiff, admitted testimony as to the oral agreement, and the jury found for the defendant.

The theory upon which the court, doubtless, admitted the evidence, and upon which the respondent seeks to defend here such ruling, is that the case comes within those where a written agreement, given in part-performance of an oral agreement which includes the subject-matter of the written agreement and other matters not intended to be embraced in it, is held not to exclude oral testimony as to the agreement in respect to such other matters. Had the alleged agreement to bring in the gas and water been in the written lease, a breach of it would not have terminated the lease, nor absolved the defendant from the obligation to pay rent. At most, it would have been ground of an action or a counterclaim for damages. But the case does not come within the rule of those referred to. The alleged agreement was, not to put the premises in a certain condition preparatory to leasing, not to introduce the water and gas prior to the execution of the lease, or contemporaneously with it, or before the time fixed for the commencement of the term, but to do so at some indefinite time during the term. The intention was to let the premises, and they were let, just as they were, without the water and gas. The agreement referred to something to be done by the lessor during the tenancy in respect to the subject-matter of the lease, and as one of the considerations for the covenants in it on the part of the lessee, —as much so as any covenants on the part of a lessor usually inserted in leases. It was not collateral to the matter of leasing, any more than would be a promise or covenant to keep in repair. It is to be presumed that the parties inserted in the lease all the cove-

nants and promises on both sides, and that what is not in it was purposely omitted, and that what they inserted in it, in the matter of gas and water, expressed their final agreement, and all they did agree to, in reference to that matter.

Order reversed.