## C. P. Fall et al. v. William Glover.

[Filed May 18, 1892.]

Promissory Note: Parol Evidence as to Consideration.
In an action upon a promissory note for $75 the makers admit-
ted the making of the note, but alleged in substance that they
had sold a farm to the holder, who had assumed a mortgage
thereon for $1,500; that this loan included two notes, each for $75,
secured by a mortgage, as commissions for obtaining the loan,
making the interest on the $1,500 in the aggregate nine per
cent, which the holder had assumed to pay. *Held*, That the
testimony should have been submitted to the jury.

Error to the district court for Gage county. Tried
below before Broady, J.

*A. Hardy*, for plaintiffs in error, cited, contending that
the excluded testimony was competent: Bliss, Code Pl.,
sec. 347; *Dobson v. Pearce*, 12 N. Y., 156; *Grimes v.
Sherman*, 25 Neb., 848; 1 Jones, Mort., secs. 285, 287,
and cases cited; Id., sec. 288, cases cited in note 6; *An-
thony v. Anthony*, 23 Ark., 479; *Pierce v. Robinson*, 13
Cal., 116; *Schade v. Bessinger*, 3 Neb., 140; *Wilson v.
Richards*, 1 Id., 342; *Doroin v. Jennings*, 4 Id., 97.

*Griggs, Rinaker & Bibb*, contra, cited: *Mills v. Miller*,
4 Neb., 444; *Clark v. R. Co.*, Id., 469; *Tracy v. Drahos*,
6 Id., 11; *Hamilton v. Thrall*, 7 Id., 219; *Nindle v. Bank*,
13 Id., 247; *Delaney v. Linder*, 22 Id., 280; *McClure v.
Campbell*, 25 Id., 59.

Maxwell, Ch. J.

This action was brought in the court below on a prom-
issory note for the sum of $75, with interest at ten per cent
from January 4, 1888.

The defendants below (plaintiffs in error) in their answer

admit the making of the note, but allege "that after January 4, 1888, the defendants sold and conveyed the premises described in said petition to this plaintiff, subject to a loan defendants had put thereon of $1,500, bearing nine per cent interest, which said loan was secured by mortgages on said premises and subject to the taxes thereon for the year 1887, that became due and delinquent in 1888, and that said plaintiff bought said premises of these defendants subject to said loan and mortgage indebtedness and subject to said taxes and agreed to pay the same as a part of the consideration of said premises. That the note in question was given and secured by mortgage on said premises as a part of said loan and interest thereon at nine per cent, to-wit, to secure a part of said nine per cent interest, and for no other purpose, which plaintiff well knew, and knowing the same he voluntarily paid said note after the same became due to said M. Carl Smith, who then owned the same.

"Third—Defendants further answering allege that before the commencement of this action, and after these defendants had sold and conveyed the premises described in defendants' petition to plaintiff, and after plaintiff had assumed and agreed to pay said note as part of the mortgage indebtedness against said farm, and after plaintiff had assumed and agreed to pay the taxes on said premises as aforesaid, this plaintiff and defendant settled up for the purchase price of said land and all matters relative thereto, including said mortgage indebtedness, said note, and said taxes, and the plaintiff on said settlement paid these defendants the sum of about $1,800 as the balance due them for their interest in said land and premises."

The reply is a general denial.

The testimony shows that the defendant purchased a farm in Hamilton county from the plaintiffs in error and assumed a mortgage thereon for $1,500. The theory of the plaintiffs in error is that the note in question, with one of equal amount, was given for commissions on the

$1,500 loan; that is, the loaning company was to receive seven per cent and the persons through whom the loan was effected were to receive two per cent, making nine per cent on the loan for five years, and that the defendant in error knew this to be the case and assumed the mortgage, or rather mortgages, making nine per cent interest. The court, however refused to permit any evidence tending to show this state of facts and virtually instructed the jury to find for the defendant in error. In this we think the court erred. It is now well settled that the consideration for a deed may be shown by parol evidence even when it conflicts with that stated in the writing. Here it is simply a question of the consideration, viz., Were the notes and mortgages in question a part of the $1,500 loan, and did the plaintiff below assume their payment? Those questions must be determined from the testimony, which it was the duty of the court to submit to the jury.

The judgment is reversed and the cause remanded to the district court for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.