HATTIE E. WELLS, APPELLANT, v. WILLIAM AUFRECHT, APPELLEE.

FILED JUNE 23, 1914. No. 17,755.

Parol Evidence: CONTRACT: CONSIDERATION: PAYMENT. The true facts as to the consideration set forth in a contract for the sale of real estate, where the sum expressed forms no part of a promise to pay, but is only the recital of a fact, may be proved by parol, and so also as to an acknowledgment of the receipt of such consideration.

APPEAL from the district court for Sherman county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*R. J. Nightingale, H. S. Nightingale* and *R. P. Starr,* for appellant.

*J. S. Pedler, contra.*

LETTON, J.

This action was brought to recover the sum of $400 alleged to be due plaintiff as a balance of the purchase money due and payable to her under the terms of a written contract for the sale of real estate sold by her to defendant. The contract recited that the plaintiff agreed to sell 320 acres of land, describing it, "for the sum of $9,600 on which the second party has paid the sum of $1,600." It further provided for the payment of $3,200 on May 1, 1911, and that the purchaser should assume a mortgage

of $4,800 against the land. Time was made the essence of the contract, and the contract further contained the usual and ordinary provisions of such agreements.

The defense is that the land was sold for $9,460, and that the purchase money has been paid in full. Defendant claims the transaction was that plaintiff listed the land for sale with William Aufrecht, Jr., the son of defendant, as her agent, and agreed to pay him $250 as a commission for the sale of the land; that in pursuance of this verbal agreement William solicited defendant to purchase the land; that defendant made an offer, and after some negotiations were had between the parties the land was finally sold to him for $9,460. The reply is a general denial. A jury was waived, and the case was tried to the court, which found generally in favor of the defendant and dismissed the action. Plaintiff appeals.

A number of assignments of error are made, which, in substance, amount to the complaint that the findings and judgment of the court are not supported by sufficient evidence, and are contrary to law. Plaintiff's position is that the contract recites the sale of the land was for the sum of $9,600, and that, since the evidence shows that only $9,200 has been paid, there is still due the plaintiff the sum of $400, unless the facts pleaded in the answer are established by the evidence, and constitute a legal defense to the action.

We are satisfied that though there is an irreconcilable conflict in the testimony, and the conclusion reached by the district court on the facts is not free from doubt, there is sufficient evidence to support the allegations of the answer. Defendant's evidence tends to prove that William Aufrecht, Jr., was employed by plaintiff to sell the land for $9,600; that he procured from his father an offer of $9,400 for the land; that when this was communicated to defendant she refused to sell at this price, unless William would throw off his commission; that William then offered to make the commission $250, and to give her two heifers worth $60 in addition to the cash; that the next day plaintiff went to defendant's home and said she would

accept the offer if he would pay the $60 in cash in place of the two heifers, and have the contract made at Arcadia, and that defendant agreed to this; that when the parties met at Arcadia plaintiff insisted upon the payment of $1,200, instead of $800, as agreed upon, and requested the scrivener to draw the contract to show the consideration to be $1,600, giving as a reason that she did not want Long, a real estate agent at Loup City with whom she had listed the property at $9,600, to know she had sold below that price, and it was agreed that she would accept for the land $1,200 in cash, $10 house rent, the commission of $250 to be paid by defendant to William, $3,200 on May 1, 1911, with interest, defendant to assume a mortgage debt of $4,800, and that she would incorporate in the contract a receipt in full of the $1,600 payment; and that the transaction was closed upon these terms and the contract drawn accordingly. Eleven months after, on May 5, 1911, defendant paid the balance due of $3,200 and received the deed. Receipt is therein acknowledged of the consideration of $9,600. About ten days afterwards this action was begun in the county court. A strong circumstance tending to support the views of the district court upon the evidence is the fact that nearly a year after this transaction occurred the plaintiff authorized the delivery of the deed to defendant by the banker who held it in escrow, upon the payment of $3,200 as expressed in the contract, instead of $3,600, which she claimed a few days later was the amount due. It is true she denies she did so, but the testimony of the banker, who apparently had no interest in the transaction, weighs strongly against her.

Plaintiff contends that the facts pleaded in the answer are insufficient in law to constitute a defense for two reasons: (1) A written agreement cannot be contradicted by proof of a contemporaneous oral agreement, in the absence of fraud or mistake; (2) a party cannot plead his own fraud as a defense, but only the fraud of the opposing party. These principles, of course, are sound, but the trouble is with their application to the facts in this case. The defendant is not attempting to contradict the written

agreement any more than the plaintiff is.  Both parties acknowledge that the written contract does not express correctly the real facts.  Plaintiff asserts that the sum to be paid is correctly expressed, but that the acknowledgment of the receipt of the sum stated is incorrect; that a receipt is always susceptible to parol explanation, but that the defendant cannot impeach  the contract as  to the amount.

The actual consideration which is expressed in a deed may be shown by parol testimony.  2 Devlin, Deeds (3d ed.)  sec. 822; *Fall v. Glover,* 34 Neb. 522; *Wiltrout v. Showers,* 82 Neb. 777.  This rule applies also ·to the consideration in a contract of sale of real estate, where there is no promise to pay depending upon the statement of the amount, but it is only a recital of an executed fact.  The rule that the terms of a written contract cannot be varied by parol evidence is based upon the principle that, where parties have reduced to writing an agreement to do or refrain from doing a certain act, the writing will be taken as the best evidence of the terms of the agreement.

This principle is not applicable here.  As to the payment and receipt of the $1,600, the contract merely recites a present condition.  No agreement was made to pay any part of this sum in the future.  A like rule to that permitting proof of the true consideration applies as to the recital that the consideration has been paid.  2 Devlin, Deeds (3d ed.)  sec. 830; 1 Jones, Real Property, sec. 303.  We conclude, therefore, that both the real consideration of the contract and whether it was actually paid may be shown by parol testimony.

We .find no error in the judgment of the district court, and it is therefore

AFFIRMED.

FAWCETT, SEDGWICK and HAMER, JJ., not sitting.