## REED v. MOORE.

No. 4797.  Opinion Filed January 4, 1916.

(154 Pac. 348.)

1.  **LANDLORD AND TENANT—Lease—Fraud—Oral Agreement to Repair—Breach.** Where a lessor agrees orally to make certain repairs and improvements on a building in the future, and the lessor and lessee enter into a lease contract in writing which makes no mention of such repairs, and the evidence shows a failure to comply with such oral agreement, that does not constitute fraud sufficient to set aside the written instrument, in the

absence of evidence that the lessor at the time he made such agreement did not intend to carry it out, or that he made it with intent to deceive the lessee.

2. **EVIDENCE—Parol—Written Lease—Oral Agreement for Repairs.** Parol evidence that, several days prior to the execution of a written lease, the lessor orally agreed to make certain repairs and improvements on the building is not competent in a suit brought on the written lease contract for rent, where the written lease purports to be a complete contract and does not include any agreement to make such repairs.

3. **SAME.** Although such an agreement to make repairs may have been a part of the consideration, it was a contractual act, and parol evidence thereof was not competent, for if it were permitted it would add by parol another term to the contract as written.

4. **SAME.** A ruling of the trial court striking out such evidence, which was introduced over the objection of the opposing party, is not error.

(Syllabus by Hatchett, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by Carrie A. Moore, administratrix of the estate of John J. Moore, against R. E. Reed. Judgment for plaintiff, and defendant brings error. Modified and affirmed.

*Bailey, Wyand & Moon,* for plaintiff in error.

*Jay A. Anderson,* for defendant in error.

Opinion by HATCHETT, C. Carrie A. Moore, as administratrix of the estate of John J. Moore, deceased, sued R. E. Reed in the justice of the peace court in Muskogee to recover $100 for rent on a certain building which the deceased, John J. Moore, had by written contract rented to Reed for a term of one year for $50 per month. The defendant answered by general denial, and, further, that the deceased represented to him orally that if he would sign the rental contract deceased would make cer-

tain repairs and improvements on the building; that said repairs and improvements were never made, and the contract was therefore procured by fraud and was without consideration. Judgment was rendered in the justice of the peace court for the defendant, and the plaintiff appealed.

Thereafter the cause was tried in the superior court of Muskogee county without a jury. The defendant introduced evidence to the effect that, several days prior to the date on which the contract was executed, the deceased agreed with the defendant that he would repair and improve the building in a substantial way; that up to that time the defendant had been paying $25 per month rent, and by the written contract the monthly rent was doubled. The plaintiff objected to this evidence at the time of its introduction, but the court permitted it to be introduced, then at the close of the evidence, upon motion, struck the same out, and rendered judgment for the plaintiff for $150 and costs, and the defendant has appealed to this court.

There are two contentions presented: First, that the evidence ruled out showed that the contract was procured by fraud; and, second, that it showed a failure or partial failure of consideration.

Some authorities hold that a promise or expression of intention, when there is no present intent to carry out same, and it is made with intent to deceive, will amount to fraud; but it is not necessary for us to pass on that question. There is no evidence in this record that the deceased did not intend to make the repairs at the time he said he would do so, or that he promised to do so in order to deceive or mislead the defendant. The

promise was made several days before the contract was executed, and the deceased died some time after the contract was made; and if fraud can be predicated upon a false representation of intention as to a future act, the evidence here is not sufficient to show such a false representation.

We pass to the second question, as to whether the evidence which was stricken out was competent to show a failure or a partial failure of consideration. The general rule is well established that, where a contract has been reduced to writing, parol evidence is not admissible to vary the terms of the writing. It is equally well established that where a recital of the consideration received is put in a written contract, and amounts only to an acknowledgment of the payment thereof, parol evidence as to the true consideration is admissible, although it may tend to vary the writing in that respect. But when the statement of the consideration is "itself an operative part of a contractual act—as when in the same writing the parties set out their mutual promises as consideration for each other—here the word 'consideration' signifies a term of the contract," and parol evidence is not admissible to alter or contradict it. Wigmore, Ev., sec. 2433; *Alsterberg v. Bennett,* 14 N. D. 596, 106 N. W. 49; *Neville v. Hughes,* 104 Mo. App. 455, 79 S. W. 735; *Howe v. Walker,* 4 Gray (70 Mass.) 318; *McNinch v. N. W. Thresher Co.,* 23 Okla. 391, 100 Pac. 524, 138 Am. St. Rep. 803.

In the case at bar the defendant contends that the deceased agreed orally to improve and repair the building, and that that was a part of the consideration for the written rental contract; that the agreement to repair was

not performed, and the consideration failed to that extent. The plaintiff contends that the written contract was complete in itself, and parol evidence was not competent to vary its terms. The authorities seem to hold that a written lease cannot be altered by proving by parol that the lessor agreed to make repairs and improvements. *Johnson v. Witte* (Tex. Civ. App.) 32 S. W. 426; *McLean v. Nical,* 43 Minn. 169, 45 N. W. 15; *Hall v. Beston,* 16 Misc. Rep. 528, 38 N. Y. Supp. 979.

We are of the opinion that parol evidence that the deceased agreed to repair and improve the building was incompetent, for the reason that it would tend to vary the terms of the written contract of lease, and the fact that such promise may have been a part of the consideration did not take it without the rule, because it was a contractual act, and to prove it by parol would be adding another term to the written contract.

The plaintiff in her bill of particulars sues for only $100, and the judgment is for $150. In her brief she officers to remit $50. We therefore recommend that the *remittitur* be accepted, and the judgment be reduced to $100, and, as so modified, affirmed.

By the Court: It is so ordered.