[Civil No. 1849.   Filed January 26, 1921.]

[194 Pac. 1097.]

## E. P. JARNAGIN, Appellant, v. R. G. EDWARDS, Appellee.

EVIDENCE—PAROL CONTEMPORANEOUS ORAL AGREEMENT VARYING CONSIDERATION OF WRITTEN CONTRACT INADMISSIBLE.—Where the considerations named in a contract for the exchange of properties were contractual, as is evident from fact that the contract recited the payment by each party to the other of the nominal sum of one dollar earnest-money, and thereafter gave in definite and fixed figures the values on which the exchange of properties was to be made, the intent to make the values stated an essential ingredient of the contract being apparent, parol evidence of a contemporaneous oral contract of a different consideration is inadmissible as varying the written contract.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Reversed, with directions to enter judgment for plaintiff.

Mr. M. S. Cobb, for Appellant.

Messrs. Ward & Griffith and Mr. George J. Stoneman, for Appellee.

ROSS, C. J.—We will designate the parties hereto plaintiff and defendant, as in the lower court. On January 4, 1918, the plaintiff Jarnagin, executed a written lease to defendant Edwards, of the southwest quarter of the southwest quarter of section 11, township 3 north, range 1 east, Maricopa county, Arizona, for the term of two years from that date

On the general rule that parol evidence not admissible to vary, add to or alter a written instrument, see notes in 56 Am. St. Rep. 659; 17 L. R. A. 270.

Competency of parol evidence to show a money consideration additional to that stipulated in a written contract, note, 12 A. L. R. 354.

at a yearly rental of $1,400, and therein gave defendant an option to purchase said tract at any time during the first year of lease at $225 per acre. In the meantime plaintiff and defendant entered into a contract, optional in its nature, to trade or exchange places, the said contract being as follows:

"This agreement made and entered into this 27th day of August, 1918, between R. G. Edwards and E. P. Jarnagin, of Maricopa county, state of Arizona, witnesseth: That R. G. Edwards is the owner of the west half of the southeast quarter of section 12, township 3 north, range 1 east and E. P. Jarnagin is the owner of the southwest quarter of the southwest quarter of section 11, township 3 north, range 1 east, all situate in Maricopa county, state of Arizona, and that in consideration of the sum of $1 in hand as earnest money paid by each one to the other, they agree to sell as follows:

"R. G. Edwards to E. P. Jarnagin, the west half of the southeast quarter of section 12, township 3 north, range 1 east (except a frame house 12x20) for the sum of nineteen thousand five hundred ($19,500.00) dollars.

"E. P. Jarnagin to R. C. Edwards the southwest quarter of the southwest quarter of section 11, township 3 north, range 1 east, for the sum of ten thousand ($10,000.00) dollars, each to assume all mortgages now on record on the land purchased, and pay any difference in cash or negotiable papers, all to be completed on or before January 1, 1919, and possession to be given at that date; otherwise this agreement to be void."

On June 5, 1919, plaintiff filed this suit to recover of defendant one year's rental; that being the time the latter occupied plaintiff's premises under the lease. Defendant's answer was a plea in confession and avoidance. He admitted the lease and his obligation to pay rent, but alleged that, contemporaneously with the signing of the contract to exchange

lands, plaintiff and defendant entered into a parol contract by the terms of which it was agreed and understood between them that the price of their lands fixed and agreed upon should be such as that, in the event the agreement to exchange deeds was carried out it should abrogate said lease and relieve defendant from paying the sum which would otherwise be due thereon, and in that connection defendant alleged the said contract had been fully performed by both plaintiff and defendant. On the pleadings as stated a trial was had before a jury, and a verdict was returned in favor of defendant. From the judgment entered thereon plaintiff appeals.

Defendant was permitted over objections to introduce evidence in support of the parol agreement set out in his answer. He testified in effect that the considerations named in the contract of August 27th were not correct in amount; that the agreed consideration for his eighty acres was $20,000, and for defendant's forty acres was $9,000; that by the deduction of $500 from the value of his place and the addition of $1,000 to the value of plaintiff's place plaintiff would receive $1,500 more than he was entitled to; and that the values were so fixed in the contract in order to care for the item of $1,400 rental admittedly due and owing plaintiff from defendant in case the exchange of places was later effected. In other words, defendant sought to prove that he paid $1,000 of the $1,400 rental by agreeing in the contract to pay $10,000 for plaintiff's forty acres instead of $9,000, the optional price to him under the lease contract, and that he paid the balance of the rental by reducing the price of his eighty acres from $20,000 to $19,500.

This evidence, plaintiff contends, changed the contract of August 27th and violated the parol evidence

rule. In that contract plaintiff agreed to sell to the defendant for the sum of $10,000 and the defendant agreed to sell to the plaintiff for the sum of $19,500, and they did in fact make the deal on those terms later on by each paying to the other the consideration therein named. Neither of the parties could have been asked or required to make the transfer upon any other terms or for any other consideration. That the considerations named were contractual is evident from the fact that the contract recites the payment to each other of the nominal sum of one dollar earnest-money, and thereafter gives in definite and fixed figures the values upon which the exchange of property was to be made. The intent to make the values therein stated an essential ingredient of the contract is apparent. When such is the case, the law forbids the proof of a contemporaneous oral contract of a different consideration.

In *Harding* v. *Robinson*, 175 Cal. 534, 542, 166 Pac. 808, 811, it is said:

"The well-recognized limitation upon the right of a party to vary by parol evidence the terms of a contract and prove the true consideration is well declared as follows: 'Where the statement in a written instrument as to the consideration is more than a mere statement of fact or acknowledgment of payment of a money consideration, and is of a contractual nature as where the consideration consists of a specific and direct promise by one of the parties to do certain things, this part of the contract can no more be changed or modified by parol or extrinsic evidence than any other part, for the party has the right to make the consideration of his agreement of the essence of the contract, and when this is done the provision as to the consideration for the contract must stand upon the same plane as the other provisions of the contract with reference to conclusiveness and immunity from attack by parol or extrinsic evidence.' 17 Cyc. 661."

The case of *Borchert* v. *Skidmore Land Co.,* 168 Wis. 523, 171 N. W. 70, was one in which it was attempted to prove a different consideration than that named in the contract for the sale of land, and it seems to us that the reasons given therein why a contemporaneous parol agreement of a different consideration might be permitted to be proved are much stronger than in this case. However, the court said:

"The written contract for the exchange of properties was unambiguous and complete in itself. It stated what each party agreed to do in order to secure the conveyance contracted for from the other. The Skidmore Land Company agreed to convey to Coons certain real estate in consideration of his deeding to it, subject to the mortgages in suit and others, the land it was to receive. The terms, therefore, upon which it agreed to part with its land, and the terms upon which it would receive the Coons land, were contractual terms. They constituted the very essence of the contract. It is a familiar rule that the material contractual terms of a written contract, when complete and unambiguous, cannot be contradicted or varied by parol testimony."

In *Union Machinery & Supply Co.* v. *Darnell,* 89 Wash. 226, 154 Pac. 183, it is said:

"Even in case of a deed when the statement of the consideration passes beyond the mere recitative acknowledgment of payment of money, common in conveyancing, and enters into specific details and conditions stipulating special terms evidencing not merely an intent to convey land, but to contract with reference to the consideration, such recitals bind the parties, and, if complete on their face, can no more be altered, varied, enlarged, or controlled by parol evidence of a contemporaneous oral agreement than other contracts."

This case enters at length upon the discussion of contractual considerations and holds that they, like

any other stipulation of a contract, may not be varied by parol evidence.

The oral contract pleaded and proved in this case was not an independent or collateral contract. It was associated with and was a part of the transaction culminating in the written contract of August 27th.

As is said in *Kress & Co. v. Evans,* 21 Ariz. 442, 189 Pac. 625:

"The time is the same in both contracts; the parties are the same, and the consideration is dealt with and considered in each contract. . . . It is plain to be seen that the elements of the subject matter touching the plaintiff's employment dealt with in both of the contracts are so associated and correlated as to be, in effect, parts of the same transaction. . . . "

In the Kress case evidence was offered to prove a contemporaneous parol agreement enlarging the compensation stated in the written contract, and this we held could not be done.

"The actual consideration which is expressed in a deed may be shown by parol testimony. 2 Devlin, Deeds (3d ed.), § 822; *Fall* v. *Glover,* 34 Neb. 522, 52 N. W. 168; *Wiltrout* v. *Showers,* 82 Neb. 777, 118 N. W. 1080. This rule applies also to the consideration in a contract of sale of real estate, where there is no promise to pay, depending upon the statement of the amount but it is only a recital of an executed fact." *Wells* v. *Aufrecht,* 96 Neb. 402, 147 N. W. 1125.

It is a well-settled rule of law that when parties reduce their contract to writing, and that writing is free from ambiguity and uncertainty, it may not be added to or taken from, altered, or varied, by any contemporaneous oral agreement or understanding, except for fraud or mistake. It is assumed, since that method of expressing their understanding was adopted, it will be employed to record all of their agreement, and not a part thereof. *Kress* v. *Evans,*

*supra.* This general rule is as applicable to a stipulated consideration when it is contractual in its nature as to any other stipulation of the contract.

We think the contract the defendant pleaded and the evidence offered in support thereof, if permitted, would change the written contract and impose a burden upon the plaintiff of $1,400 which, if he assumed at all, should have been made a part of the written contract, or at least should have been taken care of on the consummation of the transfer of places by the exchanging of deeds. This not having been done, the parol evidence rule forbids it being done in the manner attempted.

The judgment of the lower court is reversed and the cause remanded with directions that judgment be entered for plaintiff.

BAKER and McALISTER, JJ., concur.