THOMPSON et al. v. E. W. JONES, Inc.

No. 29768.   Oct. 14, 1941.

*118 P. 2d 196.*

·Fist & Dewberry and E. M. Connor, all of Tulsa, for plaintiffs in error.

John E. Curran and Ramsey, Martin & Logan, all of Tulsa, for defendant in error.

CORN, V. C. J.   The trustees of the Seminole Provident Trust sued E. W. Jones, Inc., for specific performance of an alleged oral contract to assign and convey to them an undivided one-fifth interest in certain oil and gas leases, or in lieu thereof to recover $100,000. Judgment was rendered for defendant on defendant's. demurrer to plaintiffs' evidence and on defendant's motion for judgment. The parties will be referred to herein as they appeared in the trial court.

On February 26, 1936, a written contract was entered into by said parties whereby plaintiffs purchased from defendant undivided interests in various oil and gas leases for a total consideration of $500,000, to be paid for by the purchasers in monthly installments of $25,000 each, commencing June 1, 1936. For each payment plaintiffs were to receive an undivided one-twentieth of defendant's interests in the leases, and assignments were placed in escrow for fractional interests represented by each payment of $25,000, to be delivered to purchasers upon payment of each installment in said amount. If all the fractional interests were paid for by the purchasers, they would be entitled to the oil runs from March 1, 1936, otherwise, from June 1, 1936, on the interests actually paid for.

By declaration of trust by the trustees, on March 20, 1936, all interests under the contract became the property of the Seminole Provident Trust. These interests were divided into units and were to be sold to the public to

raise the purchase money with which to make the monthly payments. The defendant, E. W. Jones, Inc., reserved the right in the contract to terminate the same at any time upon the default of any payment for a period of ten days.

On November 9, 1936, the payments provided for in the contract had not been made, and the contract was then subject to cancellation by Jones, and on that date a supplemental contract was entered into whereby the right of cancellation of the contract of February 26, 1936, was deferred and the time for making the first payment of $25,000 was extended to December 1, 1936. In consideration of such extension there were certain modifications of the contract, including a change in the effective date of the purchasers' right to participation in the oil runs, from March 1, 1936, to June 1, 1936, should the contract be entirely paid out, and from June 1, 1936, to December 1, 1936, for all interests paid for in the event all the payments under the contract were not made.

Plaintiffs alleged that contemporaneously with the execution of the supplemental contract of November 9, 1936, Mr. Jones orally told Mr. Dedman, one of the trustees, that defendant was giving the Seminole Provident Trust credit for a cash payment of $100,000, and that the consideration for this alleged credit was the oral agreement of the Seminole Provident Trust to release the defendant from an alleged oral agreement made contemporaneously with the written contract of February 26, 1936, to drill a well on the Ferguson lease and his oral agreement in June, 1936, to drill any wells necessary to keep the leases in force, and that two such wells were required to be drilled under the Brandenburg leases. Plaintiffs alleged that these oral promises were made to induce them to sign the modified or supplemental contract of November 9, 1936. The defendant denied all allegations of plaintiffs' petition of any oral agreement to give plaintiffs credit for $100,000, or any oral agreement to drill any wells on the leases mentioned, and pleaded as a separate and affirmative defense a written release by the trustees of all liability of defendant, E. W. Jones, Inc., with respect to the subject of this action. The execution of the release is admitted, but its effect is sought to be avoided upon the ground that the release was without consideration and was not intended to operate as a full release of plaintiffs' claim, but plaintiffs offered no evidence to sustain this contention.

The demurrer to the evidence and motion for judgment for defendant were sustained under the rule that parol evidence is inadmissible to change or contradict the terms of a written contract.

This appeal is predicated upon error of the court in striking the testimony relating to the alleged oral agreements, and sustaining the defendant's demurrer to plaintiffs' evidence.

Plaintiffs contend that the alleged oral agreements were separate and independent of the terms of the written contract and were not in conflict therewith, and therefore the parol evidence rule does not apply.

Section 9456, O. S. 1931, Title 15, O.S.A. § 137, is as follows:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

And in 22 Corpus Juris, page 1171, § 1569, the rule is discussed in the following language:

"Where the statement in a written instrument as to the consideration is more than a mere statement of fact or acknowledgment of payment of a money consideration, and is of a contractual nature, as where the consideration consists of a specific and direct promise by one of the parties to do certain things, this part of the contract can no more be changed or modified by parol or extrinsic evidence than any other part, for a party has the right to make the consideration of his agreement of the essence of the contract, and when this is done the provision as to the considera-

tion for the contract must stand upon the same plane as the other provisions of the contract with reference to conclusiveness and immunity from attack by parol or extrinsic evidence. For the same reason, where the writing is complete upon its face, an additional executory consideration cannot be shown by parol, or, as it is sometimes expressed, new terms cannot be engrafted into an agreement by parol under the guise of varying the consideration."

In Reed v. Moore, 54 Okla. 354, 154 P. 348, a lessor, several days prior to the signing of a written lease, orally agreed to make certain repairs and improvements on a building at a future time, but the written lease made no mention of this promise. It was held that, in an action on the contract for rent, evidence of said parol agreement was inadmissible. The court in this opinion said:

". . . The general rule is well established that, where a contract has been reduced to writing, parol evidence is not admissible to vary the terms of the writing. It is equally well established that where a recital of the consideration received is put in a written contract, and amounts only to an acknowledgment of the payment thereof, parol evidence as to the true consideration is admissible, although it may tend to vary the writing in that respect. But when the statement of the consideration is 'itself an operative part of a contractual act—as when in the same writing the parties set out their mutual promises as consideration for each other—here the word "consideration" signifies a term of the contract,' and parol evidence is not admissible to alter or contradict it. . . ."

In Seal Oil Co. v. Roberson, 175 Okla. 140, 51 P. 2d 801, in the fifth paragraph of the syllabus, this court said:

"When parties meet and negotiate with each other for the purpose of making contractual obligations and discuss the proposed terms and conditions of the obligations to be made, with the intention of putting all of the terms of their agreement in writing, and no separate contract is contemplated, and when their negotiations finally terminate in a written contract, stipulating fully and definitely the acts each party is to perform, and which written instrument is a complete, clear, explicit and unambiguous contract as to the things on its face it contemplates, and there is nothing in it indicating any other agreement between the parties connected with its subject-matter, then the written contract is the sole depository of the agreement of the parties on all matters which were the object of their negotiations, and such written contract can neither be altered, varied, contradicted, enlarged, narrowed, nor added to by parol evidence, except in case of accident, mistake, or fraud, when the remedies are other than an action on a parol agreement omitted from the written contract."

In the petition it is alleged that the credit of $100,000 was arrived at as follows:

Accumulated oil runs for March, April, and May, 1936 _____$40,000.00
Relieving Jones of alleged obligation to drill two wells on the Brandenburg leases__ 60,000.00

The written supplemental contract of November 9, 1936, shows on its face that in consideration of Jones waiving the right to cancel the contract, he was to receive the oil runs for March, April, and May. As to relieving Jones from expending $60,000 in drilling two wells on the Brandenburg leases, in the first place there is no competent evidence that Jones agreed to drill the wells on the Brandenburg leases, and, in the second place, Jones owned only one-half interest in said leases and his part of the cost of drilling and equipping would have been $30,000 and not $60,000.

There were a number of producing wells on the various leases included in this transaction, and the production records show them to be highly productive, but there is not the slightest indication in the contract or supplemental contract that the drilling of additional wells was contemplated by the parties.

The consideration for the execution of the supplemental contract of November 9, 1936, is recited in the instru-

ment, and said contract is silent as to a credit of $100,000 for any purpose in lieu of the cash payments specified in the original contract providing for the payment of $500,000 for the interests. Whatever might have been the negotiations of the parties prior to or contemporaneously with the making of these written contracts, it would seem that such alleged oral agreements would have been considered at the time of sufficient importance to have been set out in the written contracts, and would not have been left to the uncertainties of oral agreements, if such agreements were actually reached between the parties.

In view of the facts and circumstances in this case as shown by the record, we are of the opinion that the trial court committed no error in sustaining the demurrer to the evidence and rendering judgment for the defendant. The judgment is affirmed.

WELCH, C. J., and OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY and BAYLESS, JJ., absent.