WARREN v. PULLEY.

No. 30394. June 15, 1943.

Rehearing Denied Sept. 28, 1943.

*141 P. 2d 288.*

Donald L. Brown, of Tulsa, for plaintiff in error.

Bohanon & Adams, of Oklahoma City, for defendant in error.

HURST, J. The questions for decision are whether the oral contract sued on is invalid under the parol evidence rule, and whether the question was properly raised in the trial court.

Plaintiff, Paul E. Pulley, sued defendant, J. H. Warren, to recover damages for the breach of an alleged oral contract of warranty guaranteeing the waterproof condition of the basement of a dwelling purchased by plaintiff from defendant. Judgment for plaintiff was entered on the verdict of a jury, and defendant appeals.

Plaintiff, in his petition, alleged that he had entered into a contract with defendant for the purchase of certain residence property in Oklahoma City; that as a part of the consideration defendant warranted that the basement was waterproof; that said basement was in fact not waterproof, and that defendant, after demand, had failed and refused to repair said basement, resulting in the damage for which recovery was herein sought. The petition did not state whether the alleged contract was written or oral. Defendant, by answer, denied that he had made any warranty with respect to the basement.

At the trial it developed that the parties had entered into a written contract for the purchase and sale of the property. This contract, which was introduced in evidence, provided (1) that defendant should sell the property to plaintiff for an agreed consideration of $12,000, (2) that defendant should accept certain other real property owned by plaintiff at an agreed consideration of $2,000 as a part of the purchase price, and that the balance of $10,000 should be paid $400 in cash and $9,600 to be raised by an F. H. A. loan to be placed by the plaintiff on the premises he was acquiring, and (3) that defendant should complete the house being transferred to plaintiff, then under construction, according to certain specifications set out in the contract. The contract also contained the usual agreements in regard to abstracts, examination of title and payment of taxes, and on its face appeared to be a complete expression of the whole agreement between the parties for the sale of the property. The written contract contained no warranty that the basement was waterproof or any other warranty of quality. Plaintiff was permitted to testify, over defendant's objection, that about a week before the execution of the written contract he, knowing of the tendency of basements in the vicinity of this property to leak, had inquired of defendant concerning the basement in this regard, and that defendant orally warranted the basement to be waterproof.

The admission of this evidence, and the overruling of defendant's demurrer to plaintiff's evidence, constitute the principal errors assigned on this appeal.

1. Defendant contends that proof of the alleged prior oral warranty was precluded by 15 O. S. 1941 § 137, which provides:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

This statute is but declaratory of the

principle of the common law known as the parol evidence rule (Southard v. Arkansas Valley & W. Ry. Co., 24 Okla. 408, 103 P. 750; Guthrie & Western R. Co. v. Rhodes, 19 Okla. 21, 91 P. 1119, 21 L. R. A., N. S., 490) and "recognizes all the exceptions for which it provides." Armington v. Stelle, 27 Mont. 13, 69 P. 115.

While the rule would seem to be clear and easy of application, an examination of the cases reveals that in practice it is often difficult to determine whether a particular case comes within the rule, or is taken out of it by one of the recognized limitations or exceptions, and that even on similar states of facts the courts have often disagreed. Mid-West Chevrolet Co. v. Noah, 173 Okla. 198, 48 P. 2d 283; 70 A. L. R. 752, note; 22 C. J. 1144. The question to be determined in such case, under section 137, above, is whether the oral agreement concerns the "matter" of the written contract. But how are we to determine whether the alleged oral agreement is so separate and distinct from the written contract as not to concern its matter?

The most satisfactory statement of the tests for the determination of this question, which we have found, is contained in a summary in the annotation in 70 A. L. R. 752, at page 770, as follows:

"By way of summary, it may be said: (1) The parol-evidence rule precludes the admission in any case of parol or extrinsic evidence to show some other prior or contemporaneous agreement, inconsistent with or contradictory to the terms of the written contract, in the absence of some one of the well-recognized exceptions to that rule, such as fraud, accident, or mistake; (2) if the writing is incomplete on its face, as where it is a mere memorandum omitting essential elements, parol or extrinsic evidence is admissible to show the omitted portions of the contract; (3) if the written contract is complete on its face, and contains the details of the agreement, parol or extrinsic evidence is inadmissible to add to a matter with which the writing deals, but the latter will be presumed to be complete on that subject; (4) in the case last mentioned, where the writing is complete on its face, parol or extrinsic evidence is admissible to prove an alleged agreement as to a matter on which the writing is silent—not to add to the terms of the written agreement, but to prove a separate and distinct agreement, though perhaps relating to the same subject-matter; (5) the test as to whether the alleged parol agreement is sufficiently distinct and separate so that the parol-evidence rule does not preclude its proof is primarily whether the parties intended the written contract to cover all of the matters embraced in their prior or contemporaneous negotiations, including that part omitted from the writing; (6) in determining this intent, the court should consider the 'closeness' of the alleged parol agreement to the writing, the surrounding circumstances as well as the written contract itself, and what parties ordinarily might be expected to do under those circumstances as to inclusion of particular matters in the writing."

For other statements of these tests, see Wigmore on Evidence (3rd Ed.) § 2430; Restatement, Contracts, § 240, 1 (b); 32 C. J. S. 970; 20 Am. Jur. 991; Mitchill v. Lath, 247 N. Y. 377, 160 N. E. 646, 68 A. L. R. 239.

a. In applying these tests to the question of consideration, the general rule is that where the statement in the contract as to the consideration is more than a mere recital of fact or acknowledgment of payment, and is of a contractual nature, as where the consideration consists of the mutual promises of the parties, such statement constitutes a term of the contract which may not be varied by evidence of a parol agreement that the consideration was other than as stated in the written instrument. Thompson v. E. W. Jones, Inc., 189 Okla. 480, 118 P. 2d 196; Seal Oil Co. v. Roberson, 175 Okla. 140, 51 P. 2d 801; Reed v. Moore, 54 Okla. 354, 154 P. 348; Southard v. Arkansas Valley & W. Ry. Co., above; McNinch v. N. W. Thresher Co., 23 Okla. 386, 100 P. 524, 138 Am. St. Rep. 803; Gladden v. Keistler, 141 S. C. 524, 140 S. E. 161; 100 A. L. R. 17, annotation; 20 Am. Jur. 975; 10 R. C. L. 1044; 32 C. J. S. 889;

22 C. J. 1171. This rule has been applied in cases involving written contracts for the exchange of real property. Jarnagin v. Edwards, 22 Ariz. 116, 194 P. 1097; Mott v. Amer. Trust Co., 124 Ark. 70, 186 S. W. 631; Borchert v. Skidmore, 168 Wis. 523, 171 N. W. 70.

Tested by the above standards it is apparent that in the instant case the evidence of the oral warranty varied the terms of the written contract. Plaintiff pitched this action upon the theory that the warranty sued on was a part of the consideration passing to him for the purchase price, and he sought damages for breach of the contract. He did not seek rescission or damages for fraud and deceit in inducing the plaintiff to enter into the contract. The written contract was apparently complete on its face and dealt with the field or matter of consideration. The statement of the contract as to the consideration was contractual in nature, consisting of the promise of the defendant to convey the property and complete the house in consideration of the promise of plaintiff to convey his property and pay the balance of the purchase price.

It follows that the element of consideration, having been expressly dealt with in the contract in a contractual sense, was a "matter" of the contract, and the admission of evidence of a prior parol agreement for an item of consideration in addition to that expressed by the writing was error.

b. If, however, contrary to plaintiff's allegations, the warranty is treated, not as a part of the consideration, but simply as a subject upon which the contract is silent, evidence thereof was, nevertheless, inadmissible because warranties of quality are so closely bound to sales that, if made, parties would ordinarily be expected to incorporate them in the written contract, and where a written contract of sale, apparently complete on its face, is silent on the subject of warranties of quality, the courts generally exclude evidence of prior or contemporaneous oral warranties as to the quality of the property sold. We have so held in regard to sale of both real property (Oland v. Malson, 39 Okla. 456, 135 P. 1055) and personal property (Western Silo Co. v. Pruitt, 94 Okla. 154, 221 P. 106). See, also, Scott v. Vulcan Iron Works, 31 Okla. 334, 122 P. 186. And this is the general rule. Wigmore, Evidence (3rd Ed.) § 2434; 32 C. J. S. 833, 1002; 22 C. J. 1119; 25 A. L. R. 787, at 856, annotation; Eighmie v. Taylor, 98 N. Y. 288; Eastman v. Britton, 162 N. Y. S. 587.

We have examined the cases cited by plaintiff, and while they recognize the general exceptions and limitations above set out, they are not helpful here. The case of Mid-West Chevrolet Corp. v. Noah, above, is not based upon breach of contract but upon fraud and deceit. The contract in Mackin v. Darrow Music Co., 69 Okla. 1, 169 P. 497, merely recited a certain sum as the consideration, and it was held in accordance with the general rule (22 C. J. 1168, § 1563; 32 C. J. S. 886, § 953) that the mode or method of payment of such sum could be shown by parol. Although the cases of Packard Oklahoma Motor Co. v. Funk, 117 Okla. 96, 245 P. 571, and Pepis v. Red Bank Oil Co., 170 Okla. 189, 44 P. 2d 846, discuss the rule and its exceptions and limitations, they were decided upon the theory that parol testimony is admissible to explain the meaning of ambiguous writings. And in Oklahoma Natural Gas Corporation v. Douglas, 170 Okla. 284, 39 P. 2d 578, 101 A. L. R. 144, it was held that an oral agreement to repurchase stock was separate and distinct from the sale of such stock, even if the stock certificate could be treated as a written contract of sale. None of these cases deal with the question of varying a contractual statement of consideration stated in an apparently complete written contract of sale, or of engrafting a parol warranty of quality thereon.

2. Plaintiff next contends that defendant waived any right to object to the evidence of the oral warranty by failing to raise such objection in his pleadings. It should be remembered that plaintiff's petition did not state whether the warranty was oral or in

writing or that a subsequent contract had been entered into. These matters developed at the trial, and defendant objected to the variance of the terms of the written contract by proof of a prior parol agreement at his first opportunity. It is well to point out, however, that the parol evidence rule is one of substantive law. Investors Royalty Co. v. Lewis, 185 Okla. 302, 91 P. 2d 764. The rule determines the substantive rights of the parties and evidence of a parol agreement, superseded by a subsequent written contract, is not simply inadmissible in evidence, but such oral agreement is nonexistent in contemplation of law. Upon a demurrer to the evidence it is the duty of the court to determine whether the oral agreement has been superseded by the writing, and if so to disregard it, even though such evidence was admitted without objection. Seal Oil Co. v. Roberson, above. This contention is, therefore, without merit.

Reversed, with directions to enter judgment for defendant.

CORN, C. J., and RILEY, OSBORN, WELCH, and DAVISON, JJ., concur. GIBSON, V. C. J., concurs in result. ARNOLD, J., dissents. BAYLESS, J., absent.