BRASHEARS v. EDWARDS.

No. 35482.  May 12, 1953.

*257 P. 2d 295.*

King & Wadlington, Ada, for plaintiff in error.

McArthur & Orton, Ada, for defendant in error.

ARNOLD, J. On October 7, 1949, various plaintiffs as holders of promissory notes executed by the defendant, Oklahoma Silica Sand Company, Inc. filed this action to foreclose the mortgage given on the personal property of said defendant as security for said promissory notes. Blanche Brashears, plaintiff in error here, was made a party defendant because it was alleged that she claimed some right, title, or interest in the mortgaged property. She was the owner of certain real estate situated in Murray county, containing approximately 66 acres, upon which the mortgaged personal property was located. Oklahoma Silica Sand Company, Inc., held a mining lease for the mining of silica sand upon this 66-acre tract, and also held a separate lease on the surface of a tract of 2.2 acres located in a corner of this 66-acre tract.

At the time plaintiffs brought the suit to foreclose the mortgage Oklahoma Silica Sand Company was in receivership in the district court of Pontotoc county and plaintiffs obtained permission from that court to file their cause of action in the district court of Murray county against the receiver for said company.

On November 30, 1949, Blanche Brashears filed her answer disclaiming any interest in the personal property which was the subject of the foreclosure ac-

tion and situated on her real estate and her cross-petition against the plaintiffs and all her codefendants except the receiver of Oklahoma Silica Sand Company, Inc., seeking to cancel the above-mentioned surface lease covering 2.2 acres which she had given to Oklahoma Silica Sand Company, Inc., and to quiet title to her real estate. As grounds for such cancellation she alleged failure of consideration; that the principal consideration for the execution of the surface lease was the development of the whole 66-acre tract under the mining lease; that the land had not been developed; that the mining lease provided for payment of semi-annual rents to keep it in force and effect; that because of failure to pay the delay rentals the mining lease was canceled by decree of the district court of Murray county on November 9, 1948, in cause No. 7489.

Plaintiffs thereafter dismissed their foreclosure action without prejudice. Blanche Brashears did not dismiss her cross-petition to quiet title. After the filing of her cross-petition, and on May 3, 1950, she obtained permission from the district court of Pontotoc county to sue the receiver of Oklahoma Silica Sand Company, Inc., on the cause of action set up by her in her cross-petition. On March 20, 1951, she filed an application to make the new receiver and certain named assignees of the assets of Oklahoma Silica Sand Company, Inc., additional parties defendant, which was granted. All additional defendants, except David J. Edwards, filed their disclaimers; David J. Edwards filed answer denying generally all allegations of Brashears except those specifically admitted and alleging that he and the other named defendants, now disclaimers, purchased all the assets of the Oklahoma Silica Sand Company, Inc., at receiver's sale, which was confirmed; that thereafter said named disclaiming defendants sold their interests to him; and thereafter an assignment was made by the new receiver specifically assigning him all right, title, and interest of Oklahoma Silica Sand Company, Inc., to the surface lease in ques-

tion; that said assignment was approved by the district court of Pontotoc county. He attached copies of order confirming receiver's sale, bills of sale of the other named defendants to him, and order confirming the above-mentioned assignment of the surface lease to his answer.

Blanche Brashears filed a reply to the answer of David J. Edwards alleging that the district court of Pontotoc county with knowledge of her claim had confirmed the receiver's sale and assignment by the receiver to defendant Edwards of the surface lease subject and without prejudice to her claim.

The case went to trial on the issues made up between cross-petitioner Brashears and defendant Edwards.

In support of the allegations of her cross-petition the evidence of Brashears shows that in December, 1942, she was approached by one Gould for a mining lease on the 66-acre tract for the purpose of mining silica sand; that she gave him said mining lease; that she later learned that she did not have complete fee title to the land, which she and her brothers and sisters had inherited from her mother and that it would be necessary for her brothers and sisters to join her in executing the lease; that she obtained quitclaim deeds from her brothers and sisters to the surface of the land, but that they retained their respective mineral interests therein; that on July 1, 1943, she signed a new mining lease for the mining of silica sand in favor of C. W. Gould, and said lease was then sent to her various brothers and sisters for their signatures, the last signature being obtained on July 9, 1943; that said lease provided, among other things, that it should remain in force and effect for a term of 10 years or as long thereafter as sand was found in paying quantities, that lessee should begin operations within six months from the date of the lease, or, in the alternative, should pay delay rentals of $200 for the privilege of deferring commencement of operations for a further six-months period, and that a like deferment might be had for

the same number of months successively upon the payment of like sum; that on July 10, 1943, she gave a surface lease on 2.2 acres out of this 66-acre tract to Oklahoma Silica Sand Company, Inc., which recited that it was given subject to the terms and conditions of the mineral lease theretofore given to C. W. Gould covering this and other lands; that said surface lease provided as consideration for the leasing of said premises the payment of $102 rental per year, payable at the rate of $8.50 per month, and further provided:

"It is further agreed by and between the parties that said lessee shall have the right to carry on any lawful business or operation upon said land and shall have the right to construct, erect, and complete at its own cost and expense, at any time during the term of said lease, any buildings, improvements, switches, pipe lines, phone and power lines, and any other structures that may be necessary or convenient in the operation of any lawful business carried on by lessee on said property; * * *"

that the primary term of said lease was 25 years from the date of the execution thereof with the option to renew the lease for an additional 25 years under the same terms, conditions and rentals provided for in the lease; that the mining lease was delivered to C. W. Gould at the same time that the surface lease in question was executed and delivered; that C. W. Gould was the secretary of Oklahoma Silica Sand Company, Inc., at this time; that there was no development under the mining lease had on the land; that C. W. Gould and his assigns paid the delay rentals provided for in the mining lease for a time and then ceased paying such rentals; that she brought suit in the district court of Murray county, cause No. 7489, styled Blanche Brashears et al. v. C. W. Gould et al., to cancel the mining lease on the grounds of failure to pay delay rentals; a copy of the journal entry was introduced in evidence which showed that said mining lease was canceled on November 9, 1948, because of failure to pay delay rentals and all defendants in that case, including Oklahoma Silica Sand Company, Inc., and its receiver, were perpetually enjoined from asserting any interest in said 66-acre tract under said sand mining lease; copies of the mining lease and the surface lease were introduced and received in evidence; that Oklahoma Silica Sand Company, Inc., had erected various buildings and had placed various other personal property upon the 2.2 acres covered by the surface lease and had conducted a business of processing silica sand from other properties but had started no mining operations on the tract of land; that Gould had told her that he would need a surface lease for a place to put the processing plant as well as the mining lease to mine the land.

Judging from the wholly unsatisfactory proof of Brashears and statements of her counsel to the court she wanted to prove that a part of the consideration for the surface lease on the small acreage mentioned was the development of the 66-acre tract. The court stopped the counsel of plaintiff from pursuing the inquiry on the theory that testimony to this effect would be incompetent because in violation of the parol evidence rule in that it would constitute an effort to change the terms of a written instrument by parol. Brashears excepted to the rulings of the court but made no offer of proof which showed evidence of any such state of facts.

The court did allow her to testify that she gave the surface lease so that silica sand could be mined from the 66-acre tract; that if she had known Gould would not mine the sand she would not have given the surface lease; that it was her understanding that he would develop the whole tract; that the rental payments on the surface lease were not regularly made; that upon advice of her attorney she refused to accept any rentals due under the surface lease after April, 1947, although she admitted that the rentals had been tendered to her. She offered in evidence a statement prepared by her showing un-

paid rentals due under the surface lease to November, 1948, in the amount of $331.50, but on cross-examination identified canceled checks made payable to and endorsed by her showing receipt of rentals through April, 1947, after which date she refused to accept any more rentals on the ground that the surface lease was void because of failure to mine the land.

At the close of cross-petitioner Brashear's testimony, defendant David J. Edwards interposed a demurrer to the evidence which was sustained over the objections of Brashears. The court found that defendant Edwards had tendered all rentals due under the surface lease and that Edwards by proper assignments was the owner of all right, title and interest in said lease and that said surface lease was in full force and effect; that Edwards was entitled to the use and occupation of the land covered by the surface lease and to all rights under the terms thereof; that the rentals due Blanche Brashears on said land to and including October, 1951, amounted to $459, and entered judgment in accordance with said findings; defendant Edwards was ordered to pay the sum of $459 into court for the use and benefit of cross-petitioner Brashears, which was done. The court quieted title in Brashears in the surface and an undivided one-third interest in the mineral rights in said 2.2 acres, her share as an heir, against the plaintiffs and all other defendants subject to the right and title of defendant Edwards under said surface lease.

From order overruling motion for new trial cross-petitioner Brashears brings this appeal.

Plaintiff in error contends that the court erred in refusing and ruling out evidence which would prove that the surface lease was subject to and dependent upon good faith performance by the lessee of the mining lease and that the surface lease should be canceled because of failure of consideration in that there was no development under the mining lease. In this connec-tion she argues that parol evidence may be introduced either to show a separate parol agreement constituting a condition precedent to the taking effect of a written contract or that there is a collateral agreement which constitutes a part of the consideration of the written agreement or operates as an inducement for entering into it and it appears that the writing was executed on the faith of the oral agreement.

Neither the mining lease nor the surface lease is in any way ambiguous. Under the mining lease the company could keep its lease in full force and effect by the payment of delay rentals. To impose the duty to mine would effectively cut off the privilege thereof to continue the validity of the lease without development by the payment of delay rentals. Testimony of the character sought to be proven would be contrary to and in variation of the privileges conferred and duties imposed under the mining lease.

Under the surface lease according to the terms therein expressed the lessee had the right to conduct "any lawful business" thereon and therefore could process thereon sand mined from anywhere, including the tract covered by the mining lease. There is a definite and stated consideration in the lease, to wit: payment of annual rental in the amount of $102. Testimony of the character offered and excluded by the court would supply an additional and different consideration than that specifically set forth in the lease. Where the contract states the amount, and the manner and means by which, and the time when the consideration is to be paid, parol evidence is inadmissible to show a different consideration from that expresssed in the contract. See Warren v. Pulley, 193 Okla. 88, 141 P. 2d 288; Thompson v. E. W. Jones, Inc., 189 Okla. 480, 118 P. 2d 196; Reed v. Moore, 54 Okla. 354, 154 P. 348; Halsey v. Minnesota-South Carolina Land & Timber Co., 174 S.C. 97, 177 S.E. 29, 100 A.L.R. 1.

Plaintiff in error urges that the court erred in sustaining the demurrer of de-

fendant to her evidence because she states there was some evidence which might indicate failure of consideration, and that a demurrer admits every fact which the evidence in the slightest degree tends to prove together with all inferences and conclusions which may be reasonably drawn therefrom. Without the character of evidence which the trial court rightfully excluded as being in violation of the parol evidence rule, there was no evidence to show that there was a failure of consideration as to the surface lease or failure to pay rentals entitling her to cancellation. Demurrer to the evidence was properly sustained.

Plaintiff in error further contends that the court did not correctly determine the amount of rentals past due under the terms of the surface lease. The evidence clearly sustains the finding of the court on this point.

Affirmed.